## TALLMAN v. COOKE ET AL.

1. **Deed**: DELIVERY OF: EVIDENCE. Where a deed from a father to a son, in consideration of love and affection, was not recorded until ten years after its execution, and meanwhile remained in possession of the father as guardian, his testimony that he intended delivery at the time of execution, was held sufficient to establish the fact that the title then passed to the son.

2. **Tax Sale**: RIGHT OF MINOR TO REDEEM. Sec. 779 of the Revision confers upon minors the right to redeem their lands sold for taxes, after the deed is made.

*Appeal from Chickasaw District Court.*

FRIDAY, SEPTEMBER 25.

THIS is a suit in equity to redeem certain lands sold for taxes, and afterwards conveyed by tax deed to the purchaser. The plaintiff is still a minor. The lands were sold for taxes, April 2, 1862, and the tax deed was made June 26, 1865, and recorded the next day. In September, 1865, the purchaser sold and conveyed a part of said lands to his co-defendants. No question is made as to the regularity of the tax sale and deed,

nor as to the subsequent payment of taxes by the defendants. The trial was by the first method, and judgment was rendered for the plaintiff, allowing him to redeem, and adjudging the amount necessary to redeem. The defendants appeal.

*Griffith & Knight* and *De Witt C. Cram*, for appellants.

*Noble, Hatch & Frese,* for appellee.

CoLE, J.—The testimony shows, and respecting it there is no conflict or dispute, that the plaintiff is a minor and was born July 23, 1854; that the lands in controversy were regularly patented to the grantees by the government, October 15, 1855; that the grantees or patentees duly sold and conveyed the same, by deed of general warranty, to John P. H. Tallman, the father of the plaintiff, on December 10, 1858; that on the 13th day of December, 1858, the father, in consideration of love and affection, and in the presence of two witnesses, duly executed a conveyance of said lands to his son, the plaintiff; the wife of the grantor and the mother of the plaintiff joined in the conveyance, and it was on the same day duly acknowledged by both the grantor and his wife; the purpose of the conveyance was to secure to the son, an only son, a valuable property in the future, a permanent home or estate in his mature life; it was not made to injure any one, or to avoid the effect of the Iowa revenue laws, or for any other purpose than to secure a valuable property to the son. The deed, after it was duly executed and acknowledged, was delivered to the father, as guardian of the plaintiff, and by him placed in his safe, with other valuable papers, and has been kept by him since. Neither the deed by the patentees to the father, nor that by the father to the plaintiff, were recorded till May 23, 1868, because the recorder's name was not known, the location of the county seat was in question, and because of a dislike to forward them by mail; they were both kept till an opportunity to deliver them by hand to the recorder in person, which was done in May, 1868.

Upon these facts, the only question made is as to the delivery of the deed, and when did the title pass to the son.

If the title did not pass till the delivery to the recorder for record, then the son was not the owner at the time of the sale of the lands for taxes, and would have no right to redeem. *Burton v. Hintrager*, 18 Iowa, 348. But if there was a delivery of the deed at the time of its execution, so that the title then passed, the right of plaintiff to redeem cannot, under our then statute, be disputed. Rev. 1860, § 779.

We agree with the District Court that there was a delivery at the time the conveyance was executed and acknowledged. The question of delivery is one of intention. What acts are sufficient to manifest an intention to deliver a deed made by a father to a son, or by a grantor to an absent grantee, or one incapable of acting, have frequently been adjudicated. We need not review or even cite the cases here. We ground our view largely upon the fact that the father testifies positively to the intent to deliver and to the fact of delivery, and there is nothing shown inconsistent with this intent and fact; the custody of the deed by the father is, under the circumstances, consistent with the idea of delivery, and the delay in recording, under all the facts shown, is not inconsistent with it.

AFFIRMED.