McWhorter *vs.* Tarpley *et al.*

---

ROBERT L. McWHORTER, guardian, plaintiff in error, *vs.* JAMES L. TARPLEY *et al.*, defendants in error.

Where it appeared in evidence that the defendant, a guardian, had received for the use of his ward, Confederate money, during the late war:

*Held*, that even if he received it in good faith, yet, unless he shows affirmatively that he kept that *very mouey* apart from his own funds, he is liable to his ward for the value of the money at the time he received it.

Guardian and ward. Trustees. Confederate money. Before Judge BARTLETT. Greene Superior Court. September Adjourned Term, 1874.

This was a suit calling on a guardian to account to his ward. The jury found for the defendant, and the judge granted a new trial. To this ruling defendant excepted.

The evidence *justified* the verdict, except that it appeared that the guardian had got various sums in Confederate money during the war, and the only account he gave of them was his affidavit, under the act of 1866, that he had on hand Confederate money, and it was the same kind of money he received. His answer also said that he had not applied the assets to his own benefit.

P. B. ROBINSON; M. W. LEWIS; REESE & REESE, for plaintiff in error.

A. G. & F. C. FOSTER, for defendants.

McCAY, Judge.

We think the court below was right in granting a new trial. Under the evidence—even of the answer and returns—

it is plain that the defendant below did, during the war, receive, for the use of his wards, various sums. What became of the money? Did he keep it separate, in specie, by itself, or did he mingle it with his own funds? Could he or his agent identify any particular package as the ward's money? Did the agent keep it separate? Did the guardian do so after he settled with the agent? None of these questions are met by the evidence. The act of 1866 is not, in our judgment, applicable to the case. That act refers to investments in bonds, made under the acts passed, or under orders of court, and it requires, before even a *prima facie* case is made by the returns, the affidavit required, the effect of which is, that the administrator or other trustee shall swear that the funds invested are, and were, the same kind of funds received by him. The object is to prevent an *investment* made in fraud of the rights of the estate, being effective. We all know that it was possible for an administrator or other trustee to invest in Confederate bonds his own indebtedness to the estate, and one of the leading objects of this statute was to prevent this. What may appear on the trial as to the neglect of the guardian in not investing this Confederate money, if he did, in fact, keep it separate from his own funds, or if the agent did, we are not now prepared to say. The facts of the case must settle that. We think, under the facts as they appear, this guardian was, at any rate, liable for the value of the Confederate money collected by him during the war.

We do not agree with the court that the courts of this state are bound by the decision of the United States court on the point indicated. It is not one of the questions on which that court is an appellate tribunal from this court. It is simply a question of general public law whether any particular act or law was in aid of the rebellion. This court has taken a contrary view from that adopted by the supreme court, and with every respect for that high tribunal, we are not prepared to reverse our judgment.

Judgment affirmed.