VENABLE *vs.* HOWARD, ordinary, for use.

1. There was evidence in this case on which to found the charge as given by the court.
2. After January 1, 1863, a guardian had no right to invest the Confederate money of his ward in his hands, except for state securities, without an order of the superior court. If he did so, he became liable for the value of such money at the time it was so invested.

Charge of Court. Guardian and Ward. Confederate Money. Before Judge ERWIN. Jackson Superior Court. February Term, 1881.

Reported in the decision.

W. L. MARLER; J. B. ESTES & SON, for plaintiff in error.

W. I. PIKE, for defendant.

SPEER, Justice.

The defendant in error brought his action on a guardian's bond, given by John Venable, as principal, and William M. Duke and H. C. Appleby, as securities, to

recover an amount claimed to be due by the guardian to his ward, Terrell Wood. On a former trial, a verdict was returned for the defendants, but on a motion for new trial and to set aside the verdict, the court granted a new trial, as against Venable, the principal in the bond, but refused it as to the securities, holding that they had been discharged by the act of Terrell Wood, the usee. The present trial, therefore, presented an issue between the usee of the bond, and the principal, Venable, alone. On the trial a verdict was, under the evidence and charge of the court, returned in favor of the plaintiff, a motion for a new trial was made on the grounds as set forth in the record, which was refused by the court, and defendant excepted.

The grounds of the motion for a new trial, were:

(1.) Because the verdict is contrary to the evidence and to the weight of evidence.

(2.) Because the verdict is contrary to law.

(3.) Because the court erred in charging the jury, " that the defendant had no legal right to loan out the Confederate money, or invest the same after the first day of January, 1863 (except for state securities), without an order from the superior court, and if the defendant, without an order from the judge of the superior court, invested the Confederate money in the currency known as seven-thirties, then the defendant is liable for the value of such Confederate money at the time he so invested it."

Counsel for plaintiff in error, in his argument before this court, relied mainly for a reversal upon the last ground in the motion, alleging as error that there was no sufficient evidence before the jury of an investment by plaintiff in error, upon which to rest this charge, but that the plaintiff in error merely exchanged one species of Confederate currency for another, which, though known as seven-thirties, was in the similitude of Confederate currency, and passed as such, and that said currency having perished on his hands, plaintiff in error was not liable to respond for the value thereof. Whatever may have been the testi-

mony of the plaintiff in error on this point (and he was the only witness), when he answered the interrogatories propounded to him, it is equally true that when he made his returns to the ordinary, touching this fund, he did return it as "invested" in the Confederate seven-thirties, and this return was verified by his oath; and his version of it when thus made, and when the matter was fresh in his mind, the jury could believe in preference to his present recollection. We think there was sufficient evidence for this charge, under the facts before the jury, and the rule of law, as given in charge, is one that has been repeatedly recognized by this court. See Code, §§1833, 2330; 54 *Ga.*, 291; 52 *Ib.*, 600; 48 *Ib.*, 471.

Let the judgment of the court below be affirmed.