# John D. McIntyre

*v.*

# The People, for use of Alice Wilkey.

*Filed at Springfield March 28, 1882—Rehearing denied June Term, 1882.*

1. ALTERATION—*of guardian's bond will not affect ward.* The adding of another name as security in the body of a guardian's bond, and the signing and sealing of such bond by the new surety, under an order of court requiring additional security, even if unlawful, will not affect the security of the ward in the bond as originally made, or defeat a recovery thereon; and if lawfully made, the ward may treat the bond as that of all the sureties named in it after its alteration, and may sue any one of such sureties separately.

2. GUARDIAN—*loans must be approved by county court.* Where a guardian loans his ward's money, the statute requires that the county court must approve the security; and the ward may treat a loan made without such approval of the county court as an appropriation of the money to the guardian's own use. The statutory requirement that the security shall be approved by the court is mandatory, not merely directory.

3. GUARDIAN'S BOND—*action lies on, without first fixing guardian's liability.* Under the statute, it is not necessary that the guardian's account shall be adjusted in the county court, and the extent of his liability thereby ascertained, before an action will lie against his sureties upon his bond. The damages may be ascertained in the suit on the bond.

4. EVIDENCE—*parol, as to action of a court of record, not proper.* The county court being a court of record, having a seal and a clerk, its proceedings can only be shown by its record. Hence parol evidence that the court approved of the security taken by a guardian for moneys of his ward loaned, is not admissible in a suit upon the guardian's bond. If an order of approval was in fact made, but not recorded, the only remedy is by an application to that court, in apt time, upon notice and proper proof, to have its record amended or completed.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on writ of error to the Circuit Court of Tazewell county; the Hon. NINIAN M. LAWS, Judge, presiding.

This is an action upon a guardian's bond. Judgment in the circuit court was against the defendant. This was affirmed in the Appellate Court, and defendant in the circuit court brings the case here on error.

At November term of the county court of Tazewell county, in 1869, H. K. Alexander was appointed guardian of Alice Wilkey, then a minor, and gave bond as such, with one Rupert and John D. McIntyre as sureties, in the sum of $20,000, conditioned that Alexander should discharge the office and trust of such guardian according to law, and should render a fair and just account of his guardianship to the county court of the county of Tazewell, from time to time, as should be required by that court, and should comply with all orders of said court, lawfully made, relating to the goods, chattels and mortgages of said minor, and should render and pay to such minor all moneys, goods and chattels, title papers and effects, which might come to the hands and possession of such guardian belonging to such minor, when such minor should be entitled thereunto, or to any subsequent guardian, should such court so direct. Alexander entered upon his duties as such, and so continued to be such guardian until 1877, when he died. Alice Wilkey became of age February 4, 1878. In April, 1875, the county court made an order

requiring Alexander to give additional security on his bond, and thereupon William S. Maus subscribed his name and seal to the original bond immediately below the original signatures and seals. This was done under the supervision of the judge of the county court, and the name of Maus was inserted in the body of the bond as one of the sureties at that time.

The amended declaration contained two counts. The first describes the bond as that of Alexander as principal, and of Rupert and McIntyre as sureties, and alleges its execution on December 3, 1869, which is the date upon the face of the bond. The second count alleges the making of the bond by Alexander, Rupert and McIntyre, as in the first count, and alleges further that on April 3, 1875, Alexander was ordered by the county court to give additional security, and thereupon Maus subscribed his name to the bond as additional security, which was approved by the court, as Alexander's guardian's bond, and this was done with the full consent of McIntyre, and without the knowledge of Alice Wilkey. Each count alleges breaches of the bond in failure to pay over moneys in the hands of Alexander.

Defendant filed seventeen pleas, embracing pleas of *non est factum*. Issues were formed, and a trial by jury had. The jury found the issues for plaintiff, finding the debt $20,000, and the damages $3699.99, and judgment was entered upon the verdict. The case was taken, on error, to the Appellate Court, and the judgment was there affirmed. McIntyre brings the cause here by writ of error.

Messrs. Prettyman & Sons, for the plaintiff in error:

A guardian, by the common law, is required to loan the money of his ward, and keep it loaned for the ward's benefit carefully and prudently, and the statute enjoins it also, "upon security to be approved by the court." The statute does not require this approval of the security to be entered of record.

The presentation of the matter to the judge, and his consent and approval of the loan, should protect the guardian, whether the judge makes any order on the records or not. As the guardian can not compel the making of any such entry, it seems he should be allowed to prove the fact that the court approved the loan and security. If the guardian acts with prudence, care and good faith, he should not be held liable for a loss. *Howard* v. *Amoy*, 9 Pick. 461; *Lowell* v. *Minat*, 20 id. 116; *Kommaker* v. *Kimmel*, 1 Pa. 207.

The county court must first find the amount due from the guardian, and direct its payment, before bringing suit against his sureties. *Stilwell* v. *Mills*, 19 Johns. 303; *Gilbert* v. *Guptil*, 34 Ill. 138; *Groff* v. *Mismer*, 52 Cal. 136; *Salsbury* v. *Von Helser*, 3 Hill, 77; *Davis* v. *Dello*, 6 N. H. 399.

A material alteration of a bond increasing the liability of a surety, or diminishing or varying his right to recover contribution from his co-sureties, renders it void. *Rudesill* v. *Jefferson County*, 85 Ill. 448; *Gillett* v. *Sweet*, 1 Gilm. 489.

The alteration was procured by the representative of the plaintiff below for the benefit of the ward and another surety, and in the absence of the defendant, and without his knowledge, and this renders the bond void as to him. *Vincent* v. *People*, 25 Ill. 500; *Lewis* v. *Payne*, 8 Cow. 73; *Burlingame* v. *Brewster*, 79 Ill. 516; 2 Parsons on Contracts, 716.

Though both parties to a bond agree to an alteration, yet the surety is thereby discharged. *Gardner* v. *Harbuck*, 21 Ill. 129; *Mix* v. *Vail*, 86 id. 40.

A penal bond can not be made valid by a subsequent oral assent of a surety. *Sans* v. *People*, 3 Gilm. 327.

Mr. C. A. Roberts, and Mr. N. E. Worthington, for the defendants in error:

An alteration, though material, by a stranger, or without any fraudulent intent, will not vitiate the written instrument. *Vogle* v. *Ripper*, 34 Ill. 105; *Elliott* v. *Blair*, 47 id. 342.

The subsequent assent or ratification of the surety to the alteration made the bond good as to him.  *Stiles* v. *Probst,* 69 Ill. 382; *Goodspeed* v. *Cutler,* 75 id. 534; *Prettyman* v. *Goodrich,* 23 id. 330.

As to the alteration of the bond, reference is made to *City of Chicago* v. *Gage et al.* 95 Ill. 593.

Mr. Justice Dickey delivered the opinion of the Court:

Counsel for plaintiff in error contend that it was error to permit the bond to go in evidence after it was shown that it had been altered after it was executed by McIntyre, by the insertion of the words, "and Wm. S. Maus," in the body of the instrument, and by adding the words, "Wm. S. Maus, seal," at the bottom, below the original signatures.  This position is not tenable.  If the judge of the county court and Maus could not lawfully do what they did, and their action was unlawful, it is clear they could not, by any unauthorized act of theirs, deprive the minor of the security which she had in the original bond, and in such case she had the right to proceed upon the original bond as though it had not been altered.  If the proceeding be regarded as a regular one, authorized by law to be done as it was done, then she had a right to treat the bond as that of all the sureties named in the bond after it was altered.  This action, by the abstract, seems to have been brought against McIntyre alone.  The statute authorizes this to be done.

Defendant offered, upon the trial, to prove that Alexander, on April 2, 1875, as such guardian, lent to W. S. Maus $1000 of the money of his ward, and took from Maus his note for that amount, payable thirty months after date, to Alexander, as such guardian, with interest at the rate of ten per cent, and that the payment of the same was secured at the time of the loan by a mortgage upon real estate in that county, which was of such value as to be, and was at the time, ample security for that amount, and also to prove that

Maus, at the time of the loan, was solvent to an amount larger than $1000; and also offered to prove, by the oral testimony of the then judge of the county court, that the loan was made at the time with his knowledge and consent, and by his approval. The note and mortgage were produced and offered as evidence. All this proof was rejected by the circuit court, and defendant excepted. This, it is insisted, was error. At common law it was the duty of the guardian to loan the money of his ward, (not needed for the present use of the ward,) and keep it loaned at interest for the benefit of the ward. This was to be done carefully and prudently. If the guardian kept such moneys in his possession without use, when by the exercise of ordinary care he might prudently have put the same at interest, he was chargeable with interest upon the same. If he loaned with prudence, and losses occurred, he was not answerable for losses not attributable to his fault. Our statute, however, provides that "it shall be the duty of the guardian to put and keep his ward's money at interest upon good security, *to be approved by the court,* or invest the same in United States bonds, or other United States interest-bearing securities. * * * Loans for large amounts shall be upon real estate security, * * * provided the same *may be extended* from year to year *without the approval of the court.*" Were it not for this proviso, it might be plausibly suggested that the primary provision, that the security should be approved by the court, is merely directory; but when it is said that such loans *may be extended* without such approval, it is necessarily implied that the original loan by the guardian must be made with the approval of the court. This being the mandatory requirement of the statute, the guardian making such loan without compliance with the statute makes the same at his own risk, and must be treated as having undertaken to assume the position of a guarantor. As such, after the maturity of the loan he may be held (in accounting to the ward) to answer for the money

so loaned. Of course, on payment to the ward the guardian may avail himself of the proceeds of the loan, if any, to his own use.

The county court is a court of record, having a clerk and a seal. The proceedings of such a court can only be shown by its record, and can not lawfully be proven by parol. If such an order of approval was in fact made, but not recorded, the only remedy is by an application to that court, in apt time, and upon notice and proper proof, to have its record amended or completed. We think the ruling of the circuit court on this question was right. The law has thrown about the interests of wards certain safeguards, and it is the duty of courts to maintain them.

It is next objected, that before an action of this kind against the surety can be maintained, it is necessary that the account of the guardian be first adjusted in the county court, and the true balance ascertained, where the commissions to which the guardian may be entitled can only be properly adjusted. By sec. 13, chap. 103, Rev. Stat. 1874, p. 730, it is enacted, as to bonds of guardians, that where the condition of such bond shall be violated, suit may be instituted on such bond, and prosecuted to final judgment against any one or more of the sureties severally, without first establishing the liability of the principal by obtaining judgment against him alone, and in such suits it shall not be necessary to a recovery that a *devastavit* should have previously been established against the principal in the bond. It results from this enactment, and from sec. 21, of chap. 110, (Practice,) that in an action like the present, for the purposes of this suit, the door is thrown open in the circuit court, upon the trial, for the adjustment of the accounts of the guardian, so as to fix the true amount of the damages.

We find no sufficient cause for the reversal of the judgment of the circuit court. The judgment of the Appellate Court is therefore affirmed.                    *Judgment affirmed.*