Haddon v. Neighbarger.

ALICE D. HADDON v. K. V. NEIGHBARGER AND J. T. NEIGHBARGER.

No. 371.   (58 Pac. 568.)

REFORMATION OF DEED—*Oral Agreement.* The evidence fails to show an oral agreement for the conveyance of the land in controversy to the defendants in error, who seek a reformation of their deed, alleging a mutual mistake in the descriptive portion thereof; hence, as against the plaintiff, the owner of the legal title to the land, such deed cannot be reformed.

Error from Woodson district court; L. STILLWELL, judge.   Opinion filed October 19, 1899.   Reversed.

*G. E. Manchester,* for plaintiff in error.

*E. Q. Stillwell,* and *Lamb & Hogueland,* for defendants in error.

The opinion of the court was delivered by

MILTON, J. : This is an action in ejectment commenced on March 27, 1894, by Alice D. Haddon to recover the possession of nine acres of land in section 30, township 23, range 17, in Woodson county.   Both the plaintiff and the defendants claim title to the land

from a common source, Mrs. E. I. Wilson, to whom, as the widow of one Hathaway, deceased, the probate court of Coffey county, having jurisdiction over the estate, through a mistake, set off twenty-seven acres of land in the section named, instead of having the same pass directly to her three children, Mrs. Suttlemeyer, L. R. Hathaway, and the plaintiff, as heirs of the said decedent. The defense was purchase by the defendants in good faith, followed by open, continued and uninterrupted possession of the premises for over twelve years.

In July, 1878, when the plaintiff was twelve years of age, Mrs. Wilson and her husband executed a quitclaim deed for the east nine acres of the tract named to the plaintiff, and delivered the same to her soon after its execution. The deed was withheld from record until September 9, 1886. In October, 1880, L. R. Hathaway, who had recently attained his majority, showed the east nine acres of the land to J. L. Neighbarger, who, as agent for his wife, desired to purchase the said tract. Having reached an agreement, they went to Mrs. Wilson and her husband to procure a deed for the nine-acre tract to L. R. Hathaway, who should in turn convey to Mrs. Neighbarger. Deeds of warranty were thereupon executed accordingly. Before the deeds were signed Neighbarger asked if the land was clear of all encumbrance, and Mr. and Mrs. Wilson and L. R. Hathaway all answered affirmatively. Neighbarger testified that the Wilsons knew L. R. Hathaway had been with him to show the land, but he also stated that he did not describe the land to them in any way, and that he was not acquainted with the legal description thereof at that time, and that he expected the description to be correctly stated in the deed. The deed from Mrs.

Wilson to L. R. Hathaway and from the latter to Mrs. Neighbarger described the west nine-acre tract, which appears to have been previously deeded to Mrs. Suttlemeyer, instead of the east nine acres, which Neighbarger intended to purchase and supposed he was purchasing. The Neighbargers recorded their deeds and shortly afterward began to exercise acts of ownership over the east nine-acre tract. About five or six years later the plaintiff learned that the defendants were claiming the land for which she held the quitclaim deed, and made an effort to reach some kind of a settlement concerning the matter, but without success. The Neighbargers gradually cleared the land of trees and brush and brought the same to a state of cultivation. About four years before this action was commenced they fenced the tract, and they paid the taxes thereon for thirteen years. Their defense to the plaintiff's action was that the land in controversy was intended to be conveyed in accordance with an oral agreement, well understood by the parties to the conveyances and by plaintiff, and that by mistake of the scrivener the land was misdescribed in the deeds, which were both executed on the same day, and that the defendants, with the knowledge and consent of the said grantors, entered into posession of the land pointed out to them by L. R. Hathaway, and which was intended, understood and agreed by the parties to the conveyances to be sold and conveyed to the defendants. The district court entered judgment in favor of the defendants quieting their title to the land in controversy.

L. R. Hathaway died prior to the trial of this action. Mrs. Wilson testified that she did not know what land Neighbarger had been shown by L. R. Hathaway and that she did not intend to convey the land in contro-

versy to the latter, having already deeded the same to the plaintiff. In November, 1880, Mrs. Wilson and her husband executed a deed, which was recorded in January, 1881, by which they conveyed to L. R. Hathaway the middle nine-acre tract. It is impossible to learn from the record why the last-named conveyance was made. The plaintiff testified that she did not know anything respecting the transaction between her brother and the Neighbargers until several years afterward. The rental value of the premises was twenty-seven dollars per annum.

Do the foregoing facts support the judgment in favor of the defendants? It will be observed that it was not proved that Mrs. Wilson ever agreed to convey or intended to convey the land in controversy to L. R. Hathaway. She had already conveyed the tract to the plaintiff and had delivered the deed therefor. The law presumes that when a deed clearly beneficial to an infant is given to him the same is accepted by him (9 A. & E. Encycl. of L., 2d ed., p. 162) ; and withholding the deed from the record for several years did not affect the validity of the conveyance. (*Tallman v. Cooke*, 39 Iowa, 402.)

Again, it does not appear that the plaintiff understood the nature of the transaction upon which the defendants relied. The plaintiff is certainly not estopped by her own conduct from claiming the land. She was not a party to the contract of conveyance whereunder defendants claim to be the equitable owners of the land in controversy. She was entitled to one parcel of the land as an heir of her deceased father, and she had never relinquished or transferred that right. As the defendants failed to prove an oral agreement whereby Mrs. Wilson undertook to convey to her son the land in controversy, an essential ele-

ment in their case, mutuality of the alleged mistake is wanting. Hence, there is no ground for the reformation of the deeds from Mrs. Wilson to L. R. Hathaway and from the latter to the defendant, and there is no basis upon which to rest a decree quieting title in them to the land which legally and equitably belongs to the plaintiff.

The judgment of the district court will be reversed and the cause remanded for a new trial.