## BERRYHILL v. JACKSON.

No. 6423—Opinion Filed April 30, 1918.

(172 Pac. 787.)

**Guardian and Ward—Guardian's Purchase of Realty—Ward's Title—Petition to Recover Purchase Price.**

Where a guardian without the authority of the county court purchases real estate for his ward, the transaction being free from fraud, and causes a deed to be made to his ward therefor, the title to said property passes to the ward, and a petition filed by a subsequent guardian against the vendor in said deed to recover the purchase price paid for the same, upon the sole ground that the conveyance to the ward passed no title because the order of the court was made by a judge related to the then guardian within the prohibited degree provided by section 5812, Rev. Laws 1910, fails to state a cause of action, and a demurrer thereto was properly sustained.

(Syllabus by Hooker, C.)

Error from District Court, Creek County; Wade S. Stanfield, Judge.

Suit by Gracie I. Berryhill, a minor, by her guardian, J. E. Ledbetter, against L. B. Jackson. Demurrer to petition sustained, and plaintiff brings error. Affirmed.

Burke & Harrison, for plaintiff in error.

Hughes & Miller, for defendant in error.

Opinion by HOOKER, C. The plaintiff in error sued the defendant in error to recover the sum of $700 paid to him by one Burnett, the former guardian of Grace I. Berryhill, and in the petition filed in said action it is alleged that one Ledbetter is the duly authorized guardian of said Gracie I. Berryhill, and that some time prior to the appointment and qualification, one Bates B. Burnett was the guardian of said infant, and while such that he had petitioned the county court of Creek county, the county wherein said guardianship proceedings were pending, for authority to purchase from the defendant, L. R. Jackson, certain real estate for the said sum of $700, and that said petition was heard and granted by one Davis as judge of said court, he, the said Davis, being related within the prohibited degree to said petitioner, Burnett, to wit, his brother-in-law, and that acting under such authority that the said Burnett, as guardian, did buy said property and pay therefor the sum of $700 to the said L. B. Jackson, and a deed was made by said Jackson to said infant, and duly recorded; that by reason of the fact that said petition was granted and approved by said Davis as county judge, he being a brother-in-law of said Burnett, and therefore disqualified to pass judgment thereon, that the infant, Gracie I. Berryhill, did not acquire any title to said property, and the entire transaction was void, and said infant received no consideration for said money paid to Jackson by the former guardian, and therefore said Jackson owed said infant money with interest, for which a judgment was asked.

A demurrer was filed to said petition by Jackson upon all the grounds enumerated by section 4740, Rev. Laws 1910, and was sustained by the court, from which the plaintiff below has appealed here. Section 5812, Rev. Laws 1910, formerly section 2012, Comp. Laws of 1909, is as follows:

"No judge of any court of record shall sit in any cause or proceeding in which he may be interested, or in the result of which he may be interested, or when he is related to any party to said cause within the fourth degree of consanguinity or affinity, or in which he has been of counsel for either side, or in which is called in question the validity of any judgment or proceeding in which he was of counsel or interested, or the validity of any instrument

or paper prepared or signed by him as counsel or attorney, without the consent of the parties to said action entered of record: Provided, that the disqualifications herein imposed shall not exclude the disqualifications at common law."

This court in Hengst v. Burnett, 40 Okla. 42, 135 Pac. 1062, in construing this section of the statute, said:

"In a proceeding in the county court by a guardian to invest the money of his ward pursuant to Comp Laws 1909, § 5513 (Rev. Laws 1910, sec. 6569), held, construing Comp Laws 1909, § 5139, that the guardian is a 'party' thereto within the contemplation of said section, and that the judge of the county court, his brother-in-law, was disqualified to sit in said proceeding."

Assuming that the order of the county court authorizing the purchase of this property by the guardian for his ward was and is void for the reason that the same was made by a disqualified judge, and therefore afforded the guardian no protection upon his bond for an improper investment of the funds of the ward, what effect does it have upon the title to the real estate?

No question of value or fraud is raised here. There is no statute in this state prohibiting the guardian from investing the funds of his ward in real estate without the order or approval of the county court. Section 6556, Rev. Laws 1910 (section 5501, Comp. Laws 1909), provides:

"If the property be sold for the purpose of putting out or investing the proceeds, the guardian must make the investment according to his best judgment, or in pursuance of any order that may be made by the county court."

And section 6569 authorizes the court to require the guardian to invest the funds of his ward. Yet, if the guardian does so invest said funds without the order of the court, he is liable for an unwise investment upon his bond. "A guardian may invest the moneys of his ward without an order of court, but at his own risk as a general rule. In re Cardwell, 55 Cal. 137." See Brown v. Wright, 39 Ga. 96; Venable v. Howard, 68 Ga. 167; McIntyre v. People, 103 Ill. 142; Carlysle v. Carlysle, 10 Md. 440; Osborne v. Munroe (N. J.) 5 Atl. 898.

Under the authorities above quoted we must hold that the guardian bought this property at his peril, and if the same was an unwise investment, he is liable upon his bond therefor, as the order of the county court is no protection to him.

We must bear in mind that this action does not involve the approval of the expenditure of the ward's money by her guardian, but whether the title to the lots passed from Jackson to the infant. In Tharp v. Yarbrough, 79 Ga. 382, 4 S. E. 915, 11 Am. St. Rep. 439, we quote from the last part of the opinion:

"Surely the donor did not intend to keep the title to this property in nubibus till his brother's death. He desired it to vest immediately, and this could only be accomplished by giving the deed the construction herein indicated. The case in [Vinson & Carroll v. Vinson] 33 Ga. 454, relied on by the ingenious counsel who appeared for plaintiffs in error, differs from the case at bar in two essential respects: (1) The testator there provided a trustee, to whom the title passed under the will, and it was made the duty of this trustee to hold the property for the benefit of the cestuis que trust; (2) the will gave the property in trust for the benefit of the heirs in law of John P. Vinson, and, as Chief Justice Lumpkins observes, 'By giving the property to the heirs in law of John P. Vinson (testator's son), it shows that the testator looked to the death of his son as fixing the period when the legatees should be ascertained.' Mr. Tharp's deed does not convey to the heirs at law, but to the heirs of his brother. It is also true that more liberal construction should be given to wills in favor of persons not born than to deeds, which are contracts between the parties. In addition to what has been already said, the policy of our law favors the vesting of estates, and this is another reason for upholding the construction given to the deed in the case."

In Scanlan v. Wright, 13 Pick. (Mass.) 523, 25 Am. Dec. 344, the court holds that the estate vested in the minor, and we quote the last paragraph of the opinion:

"The circumstances of her being a minor and a feme covert did not prevent the estate from vesting; where an estate is conveyed by deed poll to a minor or married woman, the estate vests, subject only to be divested in case she should disagree to it when discovert and of full age."

In Haddon v. K. V. Neighbarger & J. T. Neighbarger, 9 Kan. App. 529, on page 532, 58 Pac. 568, on page 569, the court said:

"She has already conveyed the tract to the plaintiff, and has delivered the deed therefor. The law presumes that when a deed clearly beneficial to an infant is given to him the same is accepted by him (9 A. & E. Encycl. of L. [2d Ed.] p. 162); and withholding the deed from the record for several years did not affect the validity of the conveyance" (Tallman v. Cooke, 39 Iowa, 402).

In the case at bar the guardian of Gracie I. Berryhill accepted the deed, and this was a sufficient acceptance in behalf of Gracie I. Berryhill. In Spencer v. Carr et al., 45

N. Y. 406, 6 Am. Rep. 112, we quote the syllabus:

"Parents executed and delivered a deed of premises to their child of six years. When the child became sixteen, the parents executed a conveyance of the same premises, with other real estate, to S. in trust, upon which he made large advances in money. To this conveyance the name of the mother was signed, by the child, at her request. Held, that the child was not thereby estopped from claiming title to the premises under the previous deed, no fraudulent intention being proved."

In Oliver v. Houdlett, 13 Mass. 237, 7 Am. Dec. 134, we quote from the opinion:

"It would be more correct, therefore, to say that those acts of an infant are void which not only apparently, but necessarily, operate to his prejudice. The benefit of the infant is the great point to be regarded; the object of the law being to protect his imbecility and indiscretion from injury, through his own imprudence or by the craft of others. The general rule is, that infancy is a personal privilege, of which no one can take advantage but the infant himself; and, therefore, that his contracts, although voidable by him, shall bind the person of full age. This rule seems to require that all contracts of infants should be held voidable, rather than void. But, however this may be, all the books agree that those which are beneficial, or have a semblance of benefit to the infant, are only voidable. Of this character are all sales made by persons of full age to infants. These have at least the semblance of benefit to the vendees. No case can be found in which such a sale has been held void or voidable by the vendor, on the ground of the vendee's infancy. Even a feme covert, whose conveyances and other contracts are clearly void may purchase an estate without the consent of her husband; and the conveyance will be good, until avoided by him during coverture or by her after his death. 2 Black. Com. 293; Co. Lit. 3a. Most clearly, then, the sales under consideration are not void. But it has been further argued that these sales, if voidable, may be avoided by the plaintiff, Clap, by virtue of his authority as guardian of the minor. No case has been cited in support of this position and we know of no position of law by which it can be maintained. The authority and interest of a guardian extend only to such things as may be for the interest and advantage of the ward. If an infant make a contract from which he derives a benefit, it cannot be avoided by his guardian; for this, being injurious to the infant, would be a violation of the guardian's duty. Bac. Abr. tit. Guardian, G; Co. Lit. 17b, 89a. The rule of the civil law is, that pupils may better their condition, but not impair it, without the authority of their tutors. Inst. tit. De Auctor, Tut. But, should it be admitted that a guardian may avoid the contracts of his ward, made without his consent, it will hardly be contended that he can be permitted to do it, when the contract, at the time of making it, was confirmed by his assent. Now one of the sales under consideration was made by Clap, the guardian, and his assent is manifest from the act itself. There is no positive proof of Clap's assent to the sale by Oliver; but there is abundant evidence from which it may be inferred, and which ought to have been submitted to the jury, if such assent be material to the issue. As the direction to the jury was not conformable to these principles, the verdict must be set aside, and a new trial granted."

In volume 22 of Cyc. at page 529, it is said:

"An infant may be a grantee in a conveyance of land, and the estate conveyed vests in him, subject only to be divested in case he disagrees to the conveyance when of full age, which he has power to do."

He does not have the power to disaffirm or disallow after the purchase is made by the guardian. His recourse in that event is to recover the purchase price from the guardian, because the guardian has power to bind the estate of the ward. In Am. Digest, Cent. Ed. vol. 27, p. 1115, § 101, it is said:

"A sale to an infant is a valid transfer of the property out of the vendor, though the infant is not bound to pay the price stipulated. Crymes v. Day, 1 Bailey (S. C.) 320."

This clearly shows that the title passed to Gracie I. Berryhill, and therefore there was no want of consideration. In Jennings v. Jennings, 104 Cal. 150, 37 Pac. 794, we quote the third paragraph of the opinion:

"The appellant further contends that the note and mortgage never became valid and binding obligations, because they were never delivered to any person authorized to receive them for the plaintiff. This contention is also, in our opinion, untenable. The case shows that the papers were properly executed, and the maker at once caused the mortgage to be duly recorded, and then delivered them both to plaintiff's mother for him. This, under the decisions in this state and elsewhere, constituted a sufficient delivery. In De Levillain v. Evans, 39 Cal. 120, the question arose as to the acceptance of a deed of gift of certain real property, and it was held that, 'if the donee be of mature years, he will be presumed to have accepted it, if it be for his advantage, unless the contrary appears; and that, if the donation be to a minor, and to his advantage, the law accepts it for him.' In Wedel v. Herman, 59 Cal. 515, it is said: 'But it is contended that the court below erred in overruling objections made to the

offer in evidence of the deed to the plaintiff from his father, on the ground that it was not delivered. The deed was produced by the plaintiff. It was a deed from father to son. It showed that it had been duly acknowledged and recorded at the request of the grantor, and these constituted sufficient proof of delivery.' In Cecil v. Beaver, 28 Iowa, 241, 4 Am. Rep. 174, the court, by Dillon, C. J., said: 'Where the deed to a child is absolute in form and beneficial in effect, and the grantor and father voluntarily cause the same to be recorded, this is in law a sufficient delivery to the infant, and the title to the land will pass thereby. In such case actual manual delivery and a formal acceptance are not necessary.' And see, also, Rivard v. Walker, 39 Ill. 413; Mitchell v. Ryan, 3 Ohio St. 377; Spencer v. Carr, 45 N. Y. 406, 6 Am. Rep. 112; Gregory v. Walker, 38 Ala. 26."

In De Levillain v. Evans et al., 39 Cal. 120, we quote from the last paragraph of the opinion:

"Nothing appears in the record to justify the inference that this donation was not for the advantage of the donee; and no reason is perceived why he would not be benefited by becoming the owner of so considerable a lot in a growing city. For these reasons we think the deed was operative to convey the title."

In Donner v. Palmer et al., 31 Cal. 500, we quote the last paragraph of the syllabi:

"Grant to Infant.—An acalde's grant to an infant was valid, and the infant could take and hold under the grant."

In our opinion the title to said real estate passed from L. B. Jackson to the infant ward here, and the demurrer to said petition was rightfully sustained.

The judgment of the lower court is affirmed.

By the Court: It is so ordered.