| 60 259 |
| 131a 177 |

JOHN ROUSSEAU, AS ADMINISTRATOR OF MARY ROUSSEAU, DECEASED, RESPONDENT, *v.* JENNIE BLEAU, APPELLANT, IMPLEADED WITH OTHERS.

*Executors and administrators — actions by them under chapter* 314, *Laws of* 1858 — *receiver — an attorney, a subscribing witness to a deed, cannot, as against the grantor, disclose confidential information — res gestæ — delivery essential to a deed.*

An administrator may, under chapter 314, Laws of 1858, as a representative of creditors, bring an action to set aside a deed of land made by his intestate on the ground that it is fraudulent as to said creditors; and in such an action a receiver may be appointed with power to sell the land when recovered and pay the claims of said creditors.   (LEARNED, P. J., dissenting.)

One Mary Rousseau executed a deed, which remained in the possession of her attorney until her death, when the latter, who was the subscribing witness thereto, handed it to one Jennie Bleau, the grantee named therein.

*Held,* that the fact that the attorney was a subscribing witness to the deed was not a waiver by the grantor of her right to prevent him from testifying as to occurrences taking place at the time of its execution, and that his evidence was incompetent as against the administrator of the grantor.

The grantee offered to show by a physician that the grantor, subsequent to the execution of the deed, had stated to him that she was largely indebted to the grantee.

*Held,* that the statement was not a part of the *res gestæ,* and that such evidence was incompetent as against the administrator suing for and in the stead of creditors.

There was no evidence that the grantor ever directed the deed to be delivered.
*Held*, that delivery in some form was essential to its validity.

That if it should be assumed that it was delivered to the attorney in *escrow*, to be
delivered to the grantee upon the death of the grantor, the deed would not take
effect until such death, and, not being for value, the property conveyed would
be subject to the debts of the intestate.

APPEAL by the defendant Jennie Bleau from a judgment, entered
in the Rensselaer county clerk's office on the 15th day of Septem-
ber, 1890, in favor of the plaintiff, adjudging a certain deed made
by Mary Rousseau in her lifetime to said Jennie Bleau fraudulent,
as against the creditors of said Mary Rousseau, and particularly as
against the claim of Elizabeth Rousseau, and directing a sale of said
property, after a trial at the Rensselaer Circuit before the court and
a jury, at which the jury found as follows in answer to the following
questions :

*First.* "What sum, if any, did Mary Rousseau, at the time of her
death, owe to Alice Rousseau, wife of John?" (Answer.) "No."

*Second.* "What sum did Mary Rousseau, at the time of her death,
owe to Elizabeth Rousseau?" (Answer.) "Yes, $200."

*Third.* "Is the deed from Mary Rousseau to Jennie Bleau sub-
stantially without consideration?" (Answer.) "Yes."

*Fourth.* "Was such deed substantially intended as a gift to Jennie
Bleau of the property described in it?" (Answer.) "Yes."

The plaintiff, as administrator, recognized the validity of certain
claims made against the estate of his intestate ; alleged the inade-
quacy of personal assets to pay the same, and that unless the real
estate conveyed by the deceased in her lifetime could be reached that
the estate was insolvent ; and charged in his complaint the fraudulent
transfer of the real estate by his intestate, and asked in his own
behalf, as administrator, and in behalf of the creditors of the estate,
that the conveyance be declared fraudulent and void as to him as
such administrator, and as to the creditors whom he, as such admin-
istrator, claimed to represent ; and that such conveyance or transfer
be set aside, and said real estate be sold by the order of this court,
or by proceedings in the Surrogate's Court, and the proceeds applied
in due course of administration to the payment of the debts of the
deceased.

The defendant, Jennie Bleau, the grantee under such convey-

ance, by her answer denied the allegations of fraud; alleged the
validity of her deed, and denied the validity of some of the claims
allowed by the administrator as valid debts against the estate of
the intestate.

The action was tried at the Rensselaer Circuit, and no issue having
been settled in the case, the trial judge propounded certain questions
of fact to the jury, which they answered by their special verdict.
Upon the evidence given, the jury, among other things, found some
of the claims against the estate valid, and that the deed of convey-
ance of the land in question was substantially without consideration.
That it was substantially intended as a gift to the defendant,
Jennie Bleau.

The learned trial judge adopted the findings of the jury, and in
addition thereto found that the personal estate of the deceased was
at the time of her death insufficient to pay her debts, and that the
deed was executed by Mary Rousseau with intent to defraud her
creditors out of claims then existing and thereafter to be incurred.
And, as conclusion of law, found that the deed was fraudulent,
null and void, as against the creditors of the estate of Mary
Rousseau, and that the property therein described belonged to her
estate, and was applicable to the payment of her debts, and directed
judgment, setting aside the deed and canceling the record thereof
and directing the sale of the real estate, and the application of so
much of the proceeds thereof as were necessary to pay the claims
established against the estate of the deceased.

The deed executed by Mary Rousseau remained in the possession
of her attorney until her death, when the attorney, who was the
subscribing witness thereto, handed it to the grantee.

The defendant offered evidence tending to show that Mary
Rousseau had stated to the witness, subsequent to the execution of
the deed, that she was largely indebted to the grantee.

*John T. Norton*, for the appellant.

*H. D. Bailey*, for the respondent.

MAYHAM, J.:

The evidence offered by the plaintiff in this case is substantially
like that on a former trial, upon which this court held, in setting

aside a nonsuit and ordering a new trial, "That the evidence was sufficient to put the defendant upon her defense." (29 N. Y. State Rep., 337.)

That decision establishes the right of the plaintiff to recover in this form of action, and relieves this court from the consideration of that question at this time, and makes it only necessary to inquire whether the defendant, by her proof, established a valid defense; and, also, whether the trial court erred in its rulings upon the questions raised by the defendant on the trial.

The defense of the defendant upon the merits of this controversy rests solely upon the question whether or not she held the premises in dispute under a valid conveyance as against the plaintiff, as administrator of the estate of Mary Rousseau, and in that character representing the creditors of the estate of said deceased.

We think the evidence fully justifies the finding and conclusion of the jury and learned court that the personal estate of the deceased was, at the time of her death, insufficient to pay her debts, and that recourse could, therefore, properly be had by her administrator to any real estate, or any interest in the same, belonging to the deceased, which might be available to a creditor for the collection of a debt against her.

If, therefore, the deed to the defendant was a voluntary conveyance without consideration, it was void as against the creditors of the grantee; or if made with intent to hinder, delay or defraud the creditors of the grantor, it was in like manner void.

But it is insisted, on the part of the defendant, that it was given upon a sufficient consideration of a pre-existing indebtedness from the grantor to the grantee, and that indebtedness is sought to be established by proof that the grantee held the notes of the grantor, and also other claims against the grantor, which, together with the incumbrance upon the real estate, subject to which it was conveyed, constituted a full and adequate consideration for the deed.

The difficulty with that contention is, that the notes were excluded by the trial judge as incompetent evidence. The ground for the exclusion does not fully appear, but we think they were properly excluded, as it nowhere appears that they constituted any part of the consideration of the deed; are nowhere referred to or shown to have been considered as such; and, as it now appears, that they

are still in the possession of the grantee, and have not been canceled or surrendered to the maker, and they are in no way connected with the consideration expressed in the deed.

It is also urged by the learned counsel for the appellant that there was error committed on the trial in the testimony given by Myers, the draftsman of the deed, offered by the defendant, as to what occurred between him and the grantor at the time of the execution of the deed and its deposit with him.

It appeared at the commencement of his examination as a witness that he was an attorney. We think, under the circumstance, his testimony as to the personal communication between him and the deceased, who at that time sustained, at least, the implied relation of client and attorney, was properly excluded, and it appears from the evidence of the witness himself that he so regarded it, for on being interrogated by Elizabeth Rousseau, who claims some interest in the property before the death of Mary, he refused to communicate any information to her as to Mary's disposition of the property, and put his refusal upon the ground that "it would be improper and unprofessional for me to disclose any business given in my charge."

But it is insisted by the appellant that as the witness subscribed the deed as a witness, and took the acknowledgment of the same, that the grantor thereby waived her privilege, and that the disability was thereby removed, and cites in support of that contention *In re McCarthy* (28 N. Y. St. Rep., 342), and several other cases.

In the case above cited the attorney was the subscribing witness to a will which, being an attorney, he had drawn for the testator, and the court, in substance, holds, that by making the attorney one of the subscribing witnesses she had waived the privilege and made him a competent witness to testify to what occurred at the time of its execution. The other cases cited upon this point by the learned counsel for appellants are of a similar character, or where fraud was charged in the execution of the papers. But we think those cases clearly distinguishable from the one at bar.

In the case of a witness to a will the testator is presumed to know, that by having the attorney subscribe the will as a witness, he necessarily becomes a witness on its presentation for proof, and that the will cannot be admitted to probate and become operative without

the testimony of the witness as to the transactions and communications between the testator and witness at the time of its execution; whereas, in the case of a deed the official certificate or acknowledgment proves it without production or examination of the subscribing witness; and on its acknowledgment the necessity for the production of the subscribing witness ceases, and the presumption of the necessity for the examination of the witness no longer exists, and no waiver of the privilege can, therefore, be presumed. In the case of *Rosenburg* v. *Rosenburg* (40 Hun, 91), the communication to the attorney was in the presence of both parties, and, therefore, was not privileged.

Nor do we see how the declaration of the grantor to Dr. Prefontain after she signed the deed are competent in behalf of the grantee, when her title is attacked by the creditors, or the administrator representing the creditors, of the grantor. Such statements were not a part of the *res gestæ*.

The law seems well settled that when an executor or administrator claims a right or interest solely by virtue of his character as such, evidence of the declarations and admissions made by the deceased and his wife in his lifetime is competent against the representative. (Abb. Trial Ev., 59, and cases there cited.) Can this rule be extended to a case where the administrator, solely as trustee of the creditors of the estate of the deceased, seeks to disaffirm the act of the intestate, on the ground of the fraudulent alienation of property by the intestate in his lifetime for the purpose of defrauding her creditors? If that be so, then the declarations of a party to a fraud could be resorted to not only to uphold the fraudulent transaction, but would estop the administrator from disaffirming the fraudulent acts of the intestate.

The theory upon which the declarations of the deceased have been received against the administrator is, that there is a privity of estate between the deceased and his administrator or personal representative, and that the interest of the deceased while living, and the recipients of the estate after his death, are in harmony with the interest of the personal representative or administrator of the estate. But, by chapter 314 of the Laws of 1858, the administrator was authorized, on behalf of the creditors of the estate, to disaffirm the act of the intestate, and, as the representative of the creditors

of an insolvent estate, to seek to recover property which the intestate had transferred in fraud of their rights.

By the act above referred to, the relation of the administrator to the deceased seems to have been changed, and he becomes the trustee for the creditors, and, in that position, may disaffirm and commence and prosecute proceedings to set aside a transfer made by the intestate. He is thus placed in hostility to the acts of the intestate and to the fraudulent grantee; the estate which he seeks to reach for the creditors of the estate, he seeks in hostility to the acts of the deceased grantor, and also in hostility to the interest of the intestate's grantee, whose acts and interests are in harmony with each other, and in hostility to the interest of the creditors and of the trustee seeking to set aside the transfer as fraudulent.

In *Harvey* v. *McDonnell* (113 N. Y., 530), the court say : " They (the administrators), stand as trustees of creditors (Laws of 1858, chap. 314, § 1), and for their benefit may disaffirm and treat as void any transfer or agreement made in fraud of the rights of any creditor interested in any property or right belonging to the estate they represent." Under such circumstances we do not see upon what principle the declaration of the person whose conveyance is sought to be set aside as fraudulent can be received in evidence to support such conveyance.

The plaintiff stands in the place of the creditor who might have maintained this action, and it could not be maintained, nor would it be contended that if the action had been prosecuted by the creditors instead of the administrator this evidence would have been proper. The evidence was, therefore, properly excluded.

Excluding the evidence of the draftsman and that of Dr. Prefontain as to the declarations of the deceased, we find no proof of consideration in this case sufficient to uphold the validity of this deed as against the claims of creditors established in this action. But we think that there is another and serious objection in this case as to the validity of this deed, as against the creditors of this grantor.

It is conceded that the deed was never delivered to the grantee by the grantor, and that the grantee had no knowledge of its existence until after the death of the grantor.

It is true that a deed may be delivered as an *escrow* to a third person to be delivered by him to the grantee on the happening of some future event. But in this case there was no actual delivery by the grantor to the grantee named in it, nor is there any evidence that the grantor ever gave any direction as to the time of its delivery, or that it should be ever delivered.

Delivery in some form was absolutely essential to its validity. (*Stillwell* v. *Hubbard*, 20 Wend., 44.) Delivery includes surrender and acceptance, and both are necessary to its completion. This must be the result of a contract, the meeting of two minds, the accord of two wills.

The grantor must be willing and agree to deliver, and the grantee must be willing and consent to receive, and this accord of wills must be evidenced in some way to show the unequivocal intention of both parties that the instrument shall take effect according to its purport and tenor. (*Best* v. *Brown*, 25 Hun, 224; *Fisher* v. *Hall*, 41 N. Y., 416.)

But, if we assume in this case that this delivery of the deed by the grantor to the draftsman, Myers, was valid as an *escrow*, to be delivered to the grantee on the death of the grantor, it would not, in that event, be operative until delivery (*Hinman* v. *Booth*, 21 Wend., 267), and not being upon a valuable consideration, would be subject to the debts of the deceased, existing at the time of her death, so that in either event the deed would, as to the creditors of the grantor, be inoperative and void.

We have carefully examined all the exceptions taken by the learned counsel for the appellant, many of which have not been discussed here, but we find no error in the rulings of the learned trial judge for which this judgment should be reversed.

The judgment should be affirmed, with costs.

LANDON, J., concurred.

LEARNED, P. J. (dissenting):

The judgment in this action sets aside the deed from the deceased to defendant and declares the property to belong to the estate of the deceased. It appoints a receiver, with power to sell the property and pay the debts of deceased, directing him first to pay the damages of Elizabeth Rousseau, then to pay to plaintiff the amount of any other debts of deceased.

I had occasion to suggest in a former case the inconsistency of permitting an administrator to bring an action to set aside a deed of land, and remarked that chapter 314, Laws of 1858, speaks of " estate or property held by or of right belonging to any such trustee or estate." And that the property of the deceased does not belong to the executor or administrator.

But there are expressions in some cases indicating that the executor or administrator may bring the action to set aside a deed of real estate of the deceased alleged to be fraudulent. I cannot think, however, that in such an action the court has the right to change the whole system of enforcing debts of deceased persons against their real estate. The statute (Code, § 2749) has provided a settled course to be pursued when real estate is to be made liable to debts of a deceased person.

If this deed is fraudulent as to creditors, then I think the creditors must seek their remedy under the section above cited of the Code. I do not think there is any right to give preference to one creditor over another. Nor do I think there should be a receiver appointed. Furthermore, if the deed was never delivered, so that it never took effect, then it is void, not only as to creditors, but as to the heirs of the deceased. And there is no ground for returning any of the avails to the grantee as the decree provides. These difficulties would not arise if the decree merely set aside the deed and left the creditors to enforce their rights in the mode provided by statute.

Judgment affirmed, with costs.