[Civ. No. 2654. First Appellate District, Division One.—March 14, 1919.]

JENNIE G. KNOX, Executrix, etc., Appellant, v. WILL-IAM B. KEARNEY et al., Respondents.

[1] DEEDS — DELIVERY — RECORDING—CHANGE OF POSSESSION—PASSING OF TITLE.—As between the grantor and the grantee, neither the recording of the deed nor the delivery thereof accompanied by a change of possession is essential to a valid conveyance.

[2] ID.—ACCEPTANCE IMPLIED.—Where a deed is delivered to the grantee in person, an acceptance will be implied, in the absence of evidence to the contrary.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco. E. P. Shortall, Judge. Affirmed.

The facts are stated in the opinion of the court.

T. J. Crowley and Emilio Lastreto for Appellant.

Gerald C. Halsey and Harris & Hess for Respondents.

KERRIGAN, J.—This is an action, brought by the plaintiff as guardian of the person and estate of Jane McQueen, an incompetent person, and continued by said plaintiff upon her decease as executor of her estate, wherein the relief sought was the cancellation of two deeds, alleged to constitute a cloud upon plaintiff's title. Judgment was rendered for defendants. Plaintiff appeals, and brings to this court a record consisting of the judgment-roll alone.

The essential facts of the case as shown by the findings are as follows: Jane McQueen, about eight years before her death, being at that time of sound mind, and the owner of the property described in the complaint, executed two deeds thereto, and with the intent to make an absolute gift of the real property therein described to her son, Alfred W. McQueen, delivered them to him. It being the desire of the grantor that the deeds should not be recorded during her lifetime, they were immediately after their delivery as aforesaid placed in the possession of the defendant William B. Kearney, with instructions to that effect. Six years after making these deeds

Jane McQueen was declared incompetent, and two years later she died, and the plaintiff, who had been the guardian of her person and estate, was appointed executor thereof. Alfred W. McQueen had predeceased her, having died intestate on August 23, 1914, and his widow, the defendant Pauline M. McQueen, was appointed administratrix of his estate. The complaint alleges a demand upon the defendant Kearney for the return of the deeds, and his refusal to accede thereto, but the findings declare that no such demand was made.

In support of the appeal the plaintiff contends that the findings fail to show that there was an acceptance of the conveyance by Alfred W. McQueen; and also that the findings fail to support the judgment, for the reason that they do not disclose that the delivery of the deeds was accompanied by a transfer of possession of the property. He also argues in support of the appeal that this court should hold that a deed long unrecorded is invalid, challenging the soundness of the decisions to the contrary, and urges that the rule of those decisions places a premium upon fraud.

In the case at bar the court found that there was a complete delivery of the deeds by the grantor to the grantee without any condition or reservation. The title thereupon, it is clear, passed to the grantee, and this irrespective of whether the deeds were recorded, or the delivery thereof was accompanied by a change of possession. [1] As between the parties the performance of neither of these things is essential to a valid conveyance; nor is there any violation of law nor infringement of public policy by the grantee failing to place his deed on record, or by the grantor retaining possession of the property (*Fisher* v. *Ludwig*, 6 Cal. App. 144, [91 Pac. 658]).

[2] As to the point that the findings fail to show that there was an acceptance of the conveyance, we think that since the findings show that the deeds were delivered to the grantee in person, an acceptance is implied. We see no reason why such a case is not covered by subdivision 28 of section 1963 of the Code of Civil Procedure, declaring it to be a disputable presumption, controvertible by evidence, that things have happened according to the ordinary habits of life. If we understand human nature as illustrated by the ordinary habits of life, we would not hesitate to affirm that a person to whom is conveyed valuable real property and who takes delivery of the deed conveying it, usually accepts the

conveyance. True, it is a disputable presumption, but one requiring evidence to controvert; and in the absence of such evidence the finding of the court of a delivery is sufficient. There might, of course, be a mere manual delivery of a deed effected by some artifice, from which an acceptance could not be implied, but here the findings present no such case. (14 Cyc. 570; *Rousseau* v. *Bleau*, 60 Hun, 259, [14 N. Y. Supp. 712, 716]. See, also, *De Levillain* v. *Evans*, 39 Cal. 120; *Bensley* v. *Atwill*, 12 Cal. 236; *Kenniff* v. *Caulfield*, 140 Cal. 34, [73 Pac. 803].)

The judgment is affirmed.

Waste, P. J., and Richards, J., concurred.