No. 1,699.

MARIA M. R. S. DE LEVILLAIN *et al.*, APPELLANTS, *v.* JOHN EVANS *et al.*, RESPONDENTS.

CONVEYANCE.—DESCRIPTION OF THE LAND.—The description in a deed of conveyance was as follows: "All my right, title and interest in and to a parcel of land situate in the town of San Francisco, being Block No. 9, the same on which I now reside. The part thus donated commences at the northeast corner of said block, running twenty-five varas west from said corner; thence back one hundred varas." *Held,* that the description was sufficient to support the deed, and that there was thereby conveyed a strip off the easterly side of the block twenty-five varas wide and a hundred varas in depth.

DONATION.—Neither under the civil or the common law is a donation valid and obligatory until it is accepted.

IDEM.—TO ONE OF MATURE AGE.—If the donee be of mature years, he will be presumed to have accepted it, if it be for his advantage, unless the contrary appears.

IDEM.—TO A MINOR.—If the donation be to a minor, and to his advantage, the law accepts it for him.

APPEAL from the District Court of the Fifteenth District, City and County of San Francisco.

The case is stated in the opinion.

*T. I. Bergin,* for Appellants.

*First*—The acceptance of a donation is regulated by the same rules at the common and the civil law. (Escriche, *Verbo Aceptacion; Concord Bank* v. *Bellis,* 10 Cushing 258; *Donner* v. *Palmer,* 31 Cal. 500.)

*Second*—Upon the point as to uncertainty, we shall merely say, that if, upon any construction, it can be avoided, the Court is bound to do so. Descriptions may be by name, number, or metes and bounds. If a deed contain two of these kinds, one of which is inapplicable or uncertain, it must be rejected, and the deed supported upon the other

description.   The deed in the case at bar contains two of these kinds of descriptions; that is to say, it describes the entire lot as Block No. 9, of which no uncertainty can be predicated; and it again describes a portion of Block No. 9 in the form of a parallelogram, commencing at the northeast corner of the block, running twenty-five varas west from said northeast corner, thence back one hundred varas, etc. Unless both of these descriptions be incurably uncertain, for which there is no ground, the deed must be sustained; for, if either description be sufficient, the deed is good. (*Gill* v. *Castro*, 5 Cal. 40; *Beard* v. *Federy*, 3 Wall. N. S. 424; *Doll* v. *Fuller*, 16 Cal. 432; *Stanley* v. *Greene*, 12 Cal. 166; *Butterfield* v. *Cooper*, 6 Cow. 481; *Jackson* v. *Moore*, 6 Cow. 706 and cases cited; *Scaman* v. *Hogeboom*, 21 Barb. 503; *Power* v. *Hathaway*, 6 Hill, 453; *Dygert* v. *Pletts*, 25 Wend. 403; *Lamb* v. *Buckmiller*, 17 N. Y. 622.)

*Hale & Edmonds*, for Respondents.

*First*—The deed is defective and void from uncertainty in the description of the property donated. (Tapia, 472; *Powers* v. *Hathaway*, 6 Hill 456.)

*Second*—The deed is invalid for the reason that the donation was not accepted by the donee. (Escriche, p. 67, 69; 2 Nueva Febrero Mexicano, Rivera's Edition, p. 217, Sec. 9.)

CROCKETT, J., delivered the opinion of the Court:

This is an action in the usual form, by the heirs at law of Francis Soto, deceased, to recover a lot in San Francisco, and the answer contains a general denial, coupled with an averment of title in the defendants.   The plaintiff's claim of title is founded on a deed of gift from John Evans (then the owner of the property) to Francis Soto, made in December, 1849, and recorded on the day of its date in the office of the Alcalde.   At the time of the execution of the deed, Soto, the grantee, was a minor, twelve or fifteen years of age, residing with his father in a tent on an adjoining lot.

In 1851 or 1852 the grantee went to the mines, and died in 1856. The descriptive part of the deed is as follows : " All my right, title and interest in and to a certain parcel of land situated in the town of San Francisco, outside of the town survey, being Block No. 9, the same on which I now reside. The part thus donated to Francis Soto commences at the northeast corner of said Block No. 9, running twenty-five varas west from said northeast corner, thence back one hundred varas."

The chief objections urged by the defendants against this as a valid and operative conveyance are : First—That it is void for uncertainty in the description of the property granted. Second—That, under the Mexican or civil law then in force, a donation was void, unless it was accepted by the donee in his lifetime, and that the proof does not show any acceptance by Soto ; and that, if it did, being a minor, he was incapable in law of making a valid acceptance.

The first point, we think, is not well taken. It is perfectly obvious on the face of the instrument that Evans did not intend to convey the whole of Block No. 9, but only a "part" thereof ; and he defines the part granted as commencing at the northeast corner of the block, and "running twenty-five varas west from said northeast corner ; thence back one hundred varas." We think there is no difficulty in locating the lot from this description ; and that, commencing at said corner, it was to run westerly twenty-five varas to the northerly line of the block, and thence southerly at right angles one hundred varas, with a uniform width of twenty-five varas. It was manifestly intended to be a strip off the easterly side of the block, twenty-five varas wide and one hundred varas deep, from the northerly line of the block. The description is sufficiently certain to support the deed.

In respect to the question of acceptance by the donee, as we understand the civil law, it does not differ materially from the common law. Under neither is the donation valid and obligatory until it is accepted. It may be that the donee does not desire to have the property. There may be burdens growing out of the ownership which he does not choose to assume. If he affirmatively declines to accept

the donation the law does not force it upon him against his will.   This must be so upon every principle of reason and justice.   Nevertheless, in the case of an adult donee, if the donation is for his advantage he will be presumed to have accepted it unless the contrary appears.   In the case of a minor who is presumed in law to be incapable of exercising a sound discretion over his affairs, and is, therefore, not bound by his contracts, unless in exceptional cases, there is the greater reason for presuming that he has accepted what is for his advantage.   In other words, if it is for his advantage, the law accepts it for him and will hold the donor bound; but, if not for his advantage, the law will repudiate it at the instance of the minor, even though he may in terms have accepted it.

In this respect we understand the rule at common law and under the civil law to be the same.   (*Donner* v. *Palmer,* 31 Cal. 500.)

Nothing appears in the record to justify the inference that this donation was not for the advantage of the donee; and no reason is perceived why he would not be benefited by becoming the owner of so considerable a lot in a growing city.   For these reasons we think the deed was operative to convey the title.

Judgment reversed and new trial ordered.