[No. 18278. Department Two.—September 21, 1894.]

W. O. JENNINGS, Jr., RESPONDENT, *v.* W. O. JEN-NINGS, Sr., ET AL., RESPONDENTS. FRANK G. WATERHOUSE, APPELLANT.

GUARDIAN AND WARD—MORTGAGE TO WARD—CONSIDERATION.—A note and mortgage given by a general guardian to his ward, for money which was the property of the ward and for which the guardian was responsible, are founded upon a sufficient consideration, and the fact that the guardian had previously given a bond is immaterial.

ID.—SETTLEMENT OF GUARDIAN'S ACCOUNTS.—It is not necessary to the validity of such note and mortgage that the amount of the indebtedness due from the guardian to his ward should have been fixed and determined by any court.

ID.—DELIVERY TO WARD.—The recording of such mortgage by the guardian and the delivery of it and the note secured thereby to the mother of the ward, for his benefit, constitutes a sufficient delivery.

ID.—SATISFACTION BY GUARDIAN—SUBSEQUENT MORTGAGE.—The attempt by the guardian to satisfy such mortgage on the records, without any authority of court, and without the payment of the indebtedness, is void and ineffectual, as against a subsequent mortgagee claiming under the guardian.

APPEAL from a judgment of the Superior Court of Tehama County.

The facts are stated in the opinion.

*Holl & Dunn*, for Appellant.

*A. M. McCoy*, and *H. P. Andrews*, for Plaintiff and Respondent.

*John P. O'Brien*, for Defendants Barnes and wife.

BELCHER, C.—On March 5, 1887, W O. Jennings, Sr., was appointed guardian of the estate of his minor son, W. O. Jennings, Jr., and thereafter he duly qualified, and entered upon the discharge of his duties as such guardian.

On the twenty-third day of the same month he received for and on account of his said ward the sum of one thousand dollars in money, which he thereafter held and used until April 9, 1889. On the last-named

day he executed to his ward his promissory note for
twelve hundred and four dollars and seventeen cents,
being for the said one thousand dollars and interest
thereon to that date, at the rate of ten per cent per
annum, compounded annually, and also a mortgage
upon certain real property to secure payment of the
note; and on the same day he caused the mortgage to
be properly recorded in the records of the county, and
shortly thereafter delivered both the note and mortgage
to the mother of the boy, to be kept by her for him.
On April 28, 1890, while he was still the guardian of
the boy, he undertook to satisfy and discharge the said
mortgage, and to that end made and entered upon the
margin of the record thereof an indorsement as follows:

"STATE OF CALIFORNIA, ⎰ ss.
" County of Tehama.    ⎱

   " Full satisfaction of this mortgage is hereby acknowl-
edged this 28th day of April, A. D. 1890.

                        "W. O. JENNINGS,
              "By GUARDIAN OF W. O., JUNIOR.
" Attest: W. R. HALL, Recorder."

On July 21, 1890, he and one Barnes executed to
Frank G. Waterhouse their joint promissory note for two
thousand five hundred dollars, and a mortgage on the
premises covered by the mortgage to the boy, and cer-
tain other real property, to secure payment of said note,
which mortgage was also duly recorded.

He continued to be the guardian of his son until
August 19, 1891, when, by an order of court, he was
removed and his letters of guardianship were vacated
and annulled.   And at the same time A. J. McClure was
duly appointed guardian in his place, and he was by the
court ordered and directed to turn over to McClure all
the property and estate belonging to his said ward.

On March 21, 1892, W. O. Jennings, Jr., by his guard-
ian, A. J. McClure, commenced this action to foreclose
his mortgage of April 9, 1889, alleging, among other
things, that the note secured thereby was due and

wholly unpaid; that the attempted satisfaction of the said mortgage was invalid and void, and made without any authority or power in the said W. O. Jennings, Sr., so to do, and without any consideration whatever; and that the interest of the defendant, Frank G. Waterhouse, in the said premises as mortgagee was subsequent and subject to the lien of plaintiff's mortgage.

The defendant, Waterhouse, demurred to the complaint upon several grounds, and his demurrer was overruled. He then answered, denying many of the averments of the complaint, and, among others, that the attempted satisfaction of plaintiff's mortgage was invalid and void, and setting up his own note and mortgage and praying that they be adjudged to be a first lien upon the premises described in the complaint.

After trial the court found the facts, very fully, and, among others:

"That the aforesaid satisfaction undertaken to be made, and purporting to be made, and the said indorsement upon the margin of said record, were made and executed without any order or other authority of the court so to do, and without the said indebtedness, or any part thereof, having been paid, discharged, or in any way satisfied, and the said purported satisfaction of mortgage and the said indorsement upon the margin of said record were, and each of them was, wholly invalid and void, and of no legal force and effect. . . . . That the said mortgage is now, and at all times since the said ninth day of April, 1889, has been, in full force and effect upon and against the land contained and described therein."

"That neither said note nor mortgage, nor any part of the principal sum therein mentioned, nor of the interest thereon, has ever been paid, and said mortgage has never been paid nor satisfied nor discharged."

"That the note and mortgage set up in plaintiff's complaint in this action were made for a valuable consideration, and were delivered as in these findings hereinbefore stated, and said note and mortgage were

accepted by the mother of plaintiff for and on behalf of plaintiff, and it is for the interest of plaintiff that he should accept and receive said mortgage."

Judgment was accordingly entered foreclosing the plaintiff's mortgage and directing the sale of the mortgaged premises and the application of the proceeds, after paying costs, expenses, and attorneys' fees, to the payment of the amount found due the plaintiff. And from this judgment the defendant, Waterhouse, appeals.

1. The demurrer was properly overruled. The complaint stated facts sufficient to constitute a cause of action, and was not obnoxious to any of the objections raised to it.

2. The appellant contends that the note and mortgage were given to secure payment of money already secured by the guardian's bond, and hence were without consideration; and also that when the mortgage was made the accounts between the guardian and his ward had not been settled, and the amount of the indebtedness established by a competent court, and therefore the mortgage never had any validity.

This contention cannot, in our opinion, be sustained. The note and mortgage were given for money which was the property of the mortgagee, and for which the mortgagor was personally responsible. This constituted a sufficient consideration for making the papers, and the fact that the mortgagor was the guardian of the estate of the mortgagee and had given a guardian's bond did not in any way affect the question. He had a right to give further security if he chose to do so. Nor was it necessary that the amount of the indebtedness be fixed and determined by any court in order to give validity to the mortgage.

3. The appellant further contends that the note and mortgage never became valid and binding obligations, because they were never delivered to any person authorized to receive them for the plaintiff. This contention is also, in our opinion, untenable. The case shows that the papers were properly executed, and the maker

at once caused the mortgage to be duly recorded, and then delivered them both to plaintiff's mother for him. This, under the decisions in this state and elsewhere, constituted a sufficient delivery.

In *De Levillain* v. *Evans*, 39 Cal. 120, the question arose as to the acceptance of a deed of gift of certain real property, and it was held that " if the donee be of mature years he will be presumed to have accepted it, if it be for his advantage, unless the contrary appears"; and that " if the donation be to a minor, and to his advantage, the law accepts it for him."

In *Wedel* v. *Herman*, 59 Cal. 515, it is said: " But it is contended that the court below erred in overruling objections made to the offer in evidence of the deed to the plaintiff from his father, on the ground that it was not delivered. The deed was produced by the plaintiff. It was a deed from father to son; it showed that it had been duly acknowledged and recorded at the request of the grantor, and these constituted sufficient proof of delivery."

In *Cecil* v. *Beaver*, 28 Iowa, 241, 4 Am. Rep. 174, the court, by Dillon, C. J., said: " Where the deed to a child is absolute in form and beneficial in effect, and the grantor and father voluntarily causes the same to be recorded, this is in law a sufficient delivery to the infant, and the title to the lands will pass thereby. In such case actual manual delivery and formal acceptance are not necessary." (And see, also, *Rivard* v. *Walker*, 39 Ill. 413; *Mitchell* v. *Ryan*, 3 Ohio St. 377; *Spencer* v. *Carr*, 45 N. Y. 406; 6 Am. Rep. 112; *Gregory* v. *Walker*, 38 Ala. 26.)

4. The only other question which need be considered is that relating to the attempted satisfaction of the mortgage by the mortgagor. A similar question arose in the case of *Aldrich* v. *Willis*, 55 Cal. 81. In that case Henry M. Willis received and appropriated to his own use money belonging to his infant daughter, Amelia. For the money he executed to Amelia his promissory note and a mortgage to secure its payment,

which he caused to be duly recorded. Subsequently, " acting as guardian," he entered upon the margin of the record a satisfaction of the mortgage, and then mortgaged the property to another party. At the time he received the money, and up to the time of the trial, he was acting as guardian of Amelia, but in fact he was not the guardian of her estate, never having received letters of guardianship nor qualified as such. In department, this court, by McKinstry, J., said: " Nevertheless, Henry M. Willis was a trustee, holding the moneys of the infant, Amelia, junior, which came into his hands in trust for her. The mortgage executed by him to secure such moneys was altogether for her benefit, and the fact that it is set up in her answer by her *guardian ad litem*, and relied upon herein, constitutes sufficient proof of delivery to and acceptance by her."

And it was held that the mortgage was not satisfied, but was still in full force and effect.

On petition for rehearing in bank the court, by Thornton, J., delivered an opinion, concurred in by four other justices, in which, referring to the language above quoted, it is said: " To which we desire to add, ' and this must be so, since if it (the mortgage) had not been for the benefit of the infant the court below, it must be presumed, as it had control over the conduct of the *guardian ad litem*, would not have allowed him to set it up.' "

And the opinion closes with the following statement:

" Whether Henry M. Willis was guardian or not we consider immaterial. The same result follows whether he (Willis) was or was not the general guardian of the infant, Amelia Willis."

It is earnestly claimed for appellant that the language last above quoted was entirely *obiter*, and should be disregarded. But we cannot see it in that light. Conceding that the statement was not necessary to a decision of that case, still we think it declared the law applicable to the case correctly. To hold otherwise, and say that a guardian, without any authority of court and

without the payment of the indebtedness, can at his pleasure satisfy and release a mortgage given by him to his ward, might greatly endanger the estates of wards, and lead to results not contemplated or authorized by law.

Applying the rule declared in that case to this, it must be held that Jennings, Sr., under the circumstances shown, had no right to satisfy the mortgage to his ward, and that the attempted satisfaction of it was ineffectual, and void.

We find no errors in the record calling for a reversal, and therefore advise that the judgment be affirmed.

Searls, C., and Haynes, C., concurred.

For the reasons given in the foregoing opinion, the judgment appealed from is affirmed.

McFarland, J., Fitzgerald, J., De Haven, J.