[L. A. No. 5853. In Bank.—March 31, 1921.]

MABEL R. GREEN, Respondent, v. ARTHUR SKINNER, Appellant.

[1] JOINT TENANCY — CONVEYANCE OF MOIETY — SEVERANCE OF TEN-ANCY.—A joint tenancy may be severed and ended by a conveyance by one of the tenants of his share, and the conveyance will have such effect even though it be but a conveyance of a remainder after the death of the cotenant making the conveyance.

[2] ID.—TIME OF SEVERANCE—LIFETIME OF GRANTOR.—The severance or attempted severance of a joint tenancy by a conveyance by one of the tenants of his share must take place before the death of such cotenant and before the other, as a consequence, has become the owner of the whole by virtue of his right of survivorship.

[3] DEED—ACCEPTANCE—RETROACTIVE OPERATION—ABSENCE OF INTERVENING RIGHTS OF THIRD PERSONS.—Where a deed is handed to a third person with instructions to deliver to the grantee upon the death of the grantor, the assent of the grantee thereto may be given after the grantor's death, and when so given will, as between grantor and grantee, relate back to the time when the deed was first handed to the custodian, provided that no rights of third parties have intervened.

[4] ID.—CONVEYANCE BY JOINT TENANT—ASSENT OF GRANTEE SUBSEQUENT TO DEATH OF GRANTOR—RIGHTS OF SURVIVING TENANT—INEFFECTIVE DEED.—Where a grandfather, while holding real property in joint tenancy, signed and acknowledged a deed purporting to convey to his grandson a one-half interest in the property and handed the deed to his own son with instructions to keep it until the grandfather's death and then deliver it to the grandson, and the grandson was wholly unaware of the deed until after the grandfather's death, his then assent to the deed did not make it effective as against the right of the surviving tenant to the whole property which accrued upon the death of the grandfather.

[5] JOINT TENANCY—SURVIVORSHIP—MANNER OF TAKING MOIETY.—The joint tenant who survives does not take the moiety of the other from him or as his successor, but under the devise or conveyance by which the joint tenancy was created in the first instance.

APPEAL from a judgment of the Superior Court of Los Angeles County. John W. Shenk, Judge. Affirmed.

The facts are stated in the opinion of the court.

Donald Barker and James M. O'Brien for Appellant.

George E. Mills and Alfred H. McAdoo for Respondent.

OLNEY, J.—This is an action to quiet title to certain real property. The plaintiff is admittedly the owner of an undivided one-half interest. The controversy is over the remain-

---

3. Efficacy of deed deposited with third person, to be delivered after death of grantor, notes, **Ann. Cas.** 1915C, 378, 385, 388; 4 **L. R. A.** (N. S.) 816; 9 L. R. A. (N. S.) 317.

ing one-half.   The plaintiff had judgment and the defendant appeals.

The property was originally conveyed to and held by the plaintiff and the defendant's grandfather as joint tenants. While so held the defendant's grandfather signed and acknowledged a deed purporting to convey to the defendant a one-half interest in the property and handed it to his son, the defendant's father, with instructions to keep it until his, the grandfather's, death and then deliver it to the defendant.   The father kept the deed in accordance with his instructions and upon the grandfather's death, a year and a half later, had it recorded and gave it to the defendant. The defendant in the meantime was wholly unaware of the making of the deed by his grandfather, not learning of it until the day of his grandfather's funeral.   Upon the foregoing facts the plaintiff claims the whole property by the right of survivorship incident to the joint tenancy, and the defendant claims that the deed of the grandfather operated in his lifetime to sever the joint tenancy and change it into a tenancy in common, so that no right of survivorship existed, and the defendant is entitled to an undivided one-half interest as the successor of his grandfather.

Question is made as to whether there was any effective delivery of the deed by the grandfather at all.   The trial court found that there was none, but this finding is attacked as not sustained by the evidence.   The question, of course, is one as to the intent of the grantor.   If he intended, when he handed the deed to his son, that it should operate as an immediately effective conveyance, then, omitting the circumstances that the grantee was unaware of the deed, there was a final delivery, and the effect of the deed was to vest immediately in the grantee a future interest in remainder subject to a life estate in the grantor.   (*Bury* v. *Young*, 98 Cal. 446, [35 Am. St. Rep. 186, 33 Pac. 338].)   We need not, however, determine whether such intent appears from the evidence or not, and may for purposes of discussion take the view favorable to the defendant and assume that it does. The case presented for discussion, then, is one wherein a joint tenant executes a deed of his moiety, delivers the deed, intending the delivery as an immediately effective one, but delivers it to a person other than the grantee with instructions that it is not to be delivered to the latter until the

grantor's death, and thereafter dies, subsequent to which event the deed is delivered to the grantee and he for the first time learns of it. The question presented is, Does a deed so delivered by one joint tenant terminate the joint tenancy and destroy the right of survivorship in the other joint tenant?

[1] It is the law that a joint tenancy may be severed and ended by a conveyance by one of the tenants of his share. (Freeman on Cotenancy and Partition, sec. 29.) The conveyance will have this effect even though it be but a conveyance of a remainder after the death of the cotenant making the conveyance. (*Clerk* v. *Clerk,* 2 Vern. 323, [23 Eng. Reprint, 809].) [2] On the other hand, the severance or attempted severance must take place before the death of such cotenant and before the other, as a consequence, has become the owner of the whole by virtue of his right of survivorship. The question in the case stated, therefore, reduces itself into one as to when the deed to the defendant from his grandfather took effect: Was it before or after the latter's death?

The answer to this depends entirely upon the effect properly to be given to the circumstance that the defendant was wholly unaware of the deed until after his grandfather's death. [3] Before the deed could finally take effect, there had to be an acceptance of it, or of the gift made by it, by the grantee. (Civ. Code, sec. 1059; *Hawkes* v. *Pike,* 105 Mass. 560, [7 Am. Rep. 554]; *Kingsbury* v. *Burnsides,* 58 Ill. 310, [11 Am. Rep. 67].) Even so, however, such assent when given will, as between the grantor and the grantee, relate back to the time when the grantor first handed the deed over to a third person to be delivered to the grantee. Such assent may be after the death of the grantor and yet it is effective by relation, so that the deed will be taken as delivered in the lifetime of the grantor. (1 Devlin on Deeds, 3d ed., sec. 276.) This is well established, but with it goes the modification, likewise settled as the law, that the assent of the grantee will operate retroactively by relation only when the rights of third persons have not intervened. This was directly decided by this court after the matter had been twice considered in *Hibberd* v. *Smith,* 67 Cal. 547, [56 Am. Rep. 726, 4 Pac. 473, 8 Pac. 46]. There the owner of certain real estate signed and acknowledged a deed purport-

ing to convey the property to his brother, had the deed recorded, and then delivered it to a third person to hold for his brother. His brother was unaware of the deed at the time these things were done, and before he learned of it a money judgment had been secured against the grantor, which was a lien upon his property. It was held that as against this intervening judgment lien the subsequent assent of the grantee would not relate back so as to make the deed effective as of the date when the grantor had handed it over, and that at the date the judgment was secured the property must be taken to be still the property of the grantor and subject to the lien of the judgment. For similar decisions in other jurisdictions, see *Welch* v. *Sackett,* 12 Wis. 243; *Commonwealth* v. *Jackson,* 73 Ky. (10 Bush) 424; *Bell* v. *Farmers' Bank,* 74 Ky. (11 Bush) 34, [21 Am. Rep. 205]; *Goodsell* v. *Stinson,* 7 Blackf. (Ind.) 437; *Parmelee* v. *Simpson,* 5 Wall, 81, [18 L. Ed. 542, see, also, Rose's U. S. Notes]. The same rule exists in the closely analogous case where it is sought to give retroactive effect to the ratification by a principal of an act of his agent unauthorized in the first instance. (*Taylor* v. *Robinson,* 14 Cal. 396.)

[4] We perceive no reason why this rule does not apply to the present case. The deed to the defendant could not be finally effective until he assented to it. He did not and could not assent to it until he knew of it, which was after the grantor's death. In the meantime, and because of that death, the plaintiff's right to the whole property had accrued to her as the surviving joint tenant. If it be the rule that a subsequent assent to a deed by the grantee will not operate retroactively and by relation to give effect to the deed as of the date when the grantor parted with it, when such operation would destroy rights which have accrued to third persons in the meantime, it would seem plain that the defendant's consent in this case cannot be given effect by relation to destroy the right which had accrued to the plaintiff in the meantime. If anything, the present case is somewhat stronger for the application of this rule than a case where the intervening right is that of a judgment or attachment lien. For most purposes the holder of an attachment or judgment lien is considered as to third persons as standing in the shoes of the debtor, so that any right which is good against him is good against the holder of the lien.

But here the plaintiff does not for any purpose stand in the shoes of the defendant's grantor. Her right was wholly independent of him. It was, to be sure, a right which he had the power to destroy by a severance of the joint tenancy upon which they held the property, but, unless this power was exercised in his lifetime, the right became complete as an incident of their tenancy. **[5]** It is the old rule, in other words, that the joint tenant who survives does not take the moiety of the other from him or as his successor, but by right under the devise or conveyance by which the joint tenancy was created in the first instance. (Freeman on Cotenancy and Partition, sec. 28.) It would seem that if the consent of the grantee cannot operate retroactively to destroy an intervening right of one claiming through his grantor and yet not a *bona fide* purchaser for value, as the holder of an attachment or judgment lien is not, it assuredly cannot operate retroactively to destroy an intervening right of one who does not claim through his grantor at all. This conclusion is decisive of the case.

Judgment affirmed.

Shaw, J., Wilbur, J., Sloane, J., Lawlor, J., Lennon, J., and Angellotti, C. J., concurred.