### NEIL et al. v. GROSS.
### No. 8940.

Circuit Court of Appeals, Ninth Circuit.
Jan. 26, 1939.

154

Walter H. Duane, Jerome Politzer, and Joseph Pritchard, all of San. Francisco, Cal., for appellants.

George N. Crocker and Landels, Weigel & Crocker, all of San Francisco, Cal., for appellee.

Before GARRECHT, HANEY, and STEPHENS, Circuit Judges.

STEPHENS, Circuit Judge.

Josephine Neil, the mother of Edna Mae Lee, bankrupt, prior to 1934 owned as her separate property the two pieces of California real property involved in this action. In that year Josephine Neil deeded the property without consideration to one Faye Snyder, and Faye Snyder without consideration deeded the same to Josephine Neil and Edna Mae Lee as joint tenants with the right of survivorship. The deeds were duly recorded at the request of Mrs. Neil.

On March 12, 1936, Edna Mae Lee, voluntarily and without consideration, executed and delivered to her mother, Josephine Neil, quitclaim deeds of all her right, title and interest in the property. Four days later, on March 16, 1936, Edna Mae Lee filed a petition in bankruptcy. There was but one creditor's claim filed, and that one was upon a debt which antedated the transfer of the property in joint tenancy above set out.

Appellee, trustee of the estate of the bankrupt, filed suit against Josephine Neil and Edna Mae Lee to set aside the quitclaim deed above referred to. The issues were joined by defendants filing their third amended answer, which denied all the allegations of the complaint, and alleged that Josephine Neil was at all times the owner of the property in question.

There is no dispute about any of the facts detailed above. In addition, the parties stipulated "that all of the said deeds were in fact duly executed, delivered and recorded on the dates set forth in and on said deeds respectively." The meaning of this language is questioned.

The District Court gave judgment for the plaintiff, and decreed that the trustee of the estate of the bankrupt Edna Mae Lee was entitled to an undivided one-half interest in and to the property covered by the deeds herein referred to. This is an appeal from that judgment.

Appellant's assignments of error are to the effect that the District Court erred in finding that Edna Mae Lee was or ever had been the owner of any right, title or interest in or to said property.

This brings us to the question of what interest, if any, Josephine Neil transferred or Edna Mae Lee took by virtue of the exchange of deeds, Neil to Snyder, and Snyder to Neil and Lee.

Appellants contend that nothing passed because, as they claim, the evidence shows that the parties intended title to pass only on the death of Josephine Neil. They cite cases to the effect that mere manual delivery of a deed without an intent to pass title does not amount to legal delivery of the deed.

At this point it should be noted that delivery of the deeds was stipulated at the trial without qualification, and it may be argued with some force that delivery cannot now be questioned. Appellants, however, claim that this stipulation goes only to the manual delivery of the deeds, and we shall so consider it.

At the trial the plaintiff objected to all testimony bearing on the motives and understanding of the parties in entering into the transaction, on the ground that it was immaterial, was outside the issues of the pleadings, and violated the parol evidence rule. The Court overruled the objections and the trial proceeded with the parties relating in full their understanding and motives.

Under the view that we take of the case, it is unnecessary for us to consider the question of the admissibility of such evidence, since we hold that even giving such evidence its full weight, the joint tenancy deed operated to pass title.

■ The transfer of ownership of real property by deed necessitates a delivery and acceptance of the deed of conveyance; though in some cases acceptance may be presumed, as in the case where the grant is beneficial to the grantee. De Levillain v. Evans, 39 Cal. 120.

Appellant cites the cases of Kenney v. Parks, 137 Cal. 527, 70 P. 556, and Stone v. Daily, 181 Cal. 571, 185 P. 665, wherein the grantors delivered possession of the deeds to the grantees, all parties in each case being under the mistaken belief that the deeds were ineffective until recorded. The instructions to the grantee in each case were not to record the deeds until the death of the grantor. The court in each instance held there was no valid delivery. However, we are of the opinion that the cited cases are not controlling in the case at bar. In those cases there was ample evidence that the parties intended that the deeds would be of no legal effect whatever until the happening of a subsequent event—recordation. In the present case, as we hereinafter point out, the parties did intend the deeds to have a legal effect.

We shall first consider the evidence relating to Josephine Neil's part of the transaction. Mrs. Neil at no time testified that she was laboring under any misunderstanding or that the transactions were tainted at all by any inadvertence or mistake. And although her attorney testified freely as to the transaction, his testimony certainly does not show any ignorance on the part of Mrs. Neil of rights under a joint tenancy, unless through a negative reasoning the trier of fact should assume that Mrs. Neil's only knowledge upon the subject was the explanation given her by the attorney. Such explanation was entirely confined to the fact that the property would upon Mrs. Neil's death be owned by Mrs. Lee without probate.

And Mrs. Lee's testimony does not assist appellants in this regard. She says: "My father and mother and I had discussions with reference to my mother's property. As a result of these conversations my mother deeded it over in joint tenancy to her and myself. She told me about it just about the time that she did it. My mother told me what her purpose was." The rest of her testimony goes to her own understanding without regard to the source thereof.

■ We, of course, are not bound by the decision of the trial court, but where the witnesses appeared in court in person we are bound to respect the determination of such court as to questions of fact. A deed is a solemn document not to be lightly viewed. We do not believe the situation justifies our disregarding the trial court's findings, and finding upon our part instead that Mrs. Neil did not intend the usual and ordinary consequences of her acts.

■ We come next to the question of acceptance of the deeds by Edna Mae Lee.

Mrs. Lee testified that as a result of conversations with her mother the latter deeded the property to them in joint tenancy. Then she testified: "After this deed was filed I understood that there was no interest given to me, only in case of her (Mrs. Neil's) death, then I was to receive it * * *. My interest in the deed was that in the event of the death of my mother the entire property would become mine."

It is to be noted that nowhere does Mrs. Lee testify that she refused to accept the deed. There is nothing in the record to rebut the presumption of acceptance. On the contrary, it appears from Mrs. Lee that she did intentionally take an interest in the property by reason of and by the force of the deeds. We think she cannot intentionally accept a deed conveying to her one benefit which she knows to be granted to her by the legal effect of such deed, and deny acceptance when she later learns that she has been granted a larger beneficial interest by the deed.

■ We therefore hold that the deed from Faye Snyder to Josephine Neil and Edna Mae Lee as joint tenants was delivered in every sense of the word, and that it operated to creat a joint tenancy.

■ The legal effect of a joint tenancy under California law is to vest title to the property in the joint tenants. Estate of Gurnsey, 177 Cal. 211, 216, 170 P. 402.

■ There is no question raised in the briefs of any of the parties to this appeal with respect to the intermediate transfer to Snyder, all parties treating the transaction as though it were a transfer directly from Mrs. Neil to herself and Mrs. Lee. We have therefore considered it in the same manner.

Appellants argue that since the debt represented by the claim filed in the bankruptcy proceedings was contracted prior to the creation of the joint tenancy, there was no reliance by the creditor on ownership by Mrs. Lee. This fact is immaterial. Appellee's right to judgment in this case does not rest on any theory of estoppel. Under the Bankruptcy Act, § 67e, 11 U.S. C.A. § 107 (e), and Section 3442 of the California Civil Code, a voluntary transfer made by an insolvent is conclusively presumed to be fraudulent as to existing creditors. It is conceded that the claimant was an existing creditor when the transfer was made. It is also stipulated that Edna Mae Lee was insolvent at the time of the transfer. When the claimant's claim arose is immaterial.

The judgment of the District Court is affirmed.