## PLUMMER et al. v. UNITED STATES.

### No. 26199.

United States District Court
N. D. California, S. D.
July 25, 1949.

J. J. Lermen, George Devine, Jr., San Francisco, Cal., for plaintiffs.

Frank J. Hennessy, United States Attorney, C. Elmer Collett, Assistant United States Attorney, San Francisco, Cal., for defendant.

GOODMAN, District Judge.

In this action, plaintiffs seek refund of estate taxes paid in the sum of $21,874.78 upon the ground that the Commissioner erroneously included in decedent Sanford Plummer's statutory gross estate, the entire value of all property standing in his name at death. (May 23, 1941.) The Commissioner's alleged error, urged in a claim for refund, which was administratively denied, and reasserted here, is that such property was community property since September 17, 1939, (date of decedent's last will) in which decedent's wife had a present, vested and equal interest. The basis of the claim, that the wife had such half interest, is that in his last will, the decedent declared his property to be of the community.

There is no doubt and both sides so concede, that under California statutes and federal decisions, since July 29, 1927,[1] in California, the wife has a "present, existing and equal interest" in community property, and that by agreement the husband and wife can fix or transmute their property from separate to community or vice versa.[2]

The sole question here posed is whether the declaration in the decedent's will[3] is equivalent to such an agreement.

Neither good reason or cited precedent sustain plaintiff's contention. The declaration in decedent's will was unilateral. The will itself was ambulatory.[4] It spoke only as of the date of death and could have been revoked or modified at any time. None of the fundamentals of contract inhered in it.

The cases cited by plaintiff are not apposite.[5]

Judgment for defendant. Prepare findings pursuant to the Rules.

1. Calif. Civil Code, § 161a; United States v. Malcolm, 282 U.S. 792, 51 S.Ct. 184, 75 L.Ed. 714; Sherman v. Commissioner, 9 Cir., 76 F.2d 810; Shea v. Commissioner, 9 Cir., 81 F.2d 937.

2. Calif. Civil Code, §§ 158, 159, 160; In re Freitas, D.C., 16 F.Supp. 557; Sampson v. Welch, D.C., 23 F.Supp. 271; Kenney v. Kenney, 220 Cal. 134, 30 P.2d 398; Siberell v. Siberell, 214 Cal. 767, 7 P.2d 1003.

3. The declaration is as follows: "Second: I do hereby declare that all of the property owned or possessed by me has been acquired since my marriage to my wife, Caroline Alice Plummer, and the whole thereof is community property of myself and my wife, Caroline Alice Plummer."

4. 68 C.J. 602; Nichols v. Emery, 109 Cal. 323, 329, 41 P. 1089, 50 Am.St.Rep. 43; Niccolls v. Niccolls, 168 Cal. 444, 143 P. 712.

5. In Bank of America v. Rogan, D.C., 33 F.Supp. 183, there was an agreement signed by both husband and wife; In Estate of Watkins, 16 Cal.2d 793, 108 P. 2d 417, 109 P.2d 1, there were joint and mutual wills, held to constitute a contract; Herman v. Mortensen, 72 Cal. App.2d 413, 164 P.2d 551, concerned an inter vivos gift.