The judgments and the orders denying the motions for a new trial are affirmed.

Shinn, P. J., and Vallée, J., concurred.

[Civ. No. 7635. Third Dist. Dec. 1, 1949.]

HENRY STEITZ, Plaintiff and Appellant, v. FRANK B. IRWIN et al., Respondents; MAE STEITZ, Cross-defendant and Appellant.

Arthur DeBeau Carr for Appellants.

Maul, Hughes & Maul for Respondents.

THOMPSON, J.—This is a suit to cancel a gift deed to real property at Placerville, El Dorado County, on the grounds of lack of execution, mental incapacity and undue influence. From a judgment decreeing title to the real property in question to be in the defendants and cross-complainants, Frank B. Irwin and Ollie Irwin, husband and wife, subject to a life estate in the grantor, and a decree cancelling subsequent deeds which were executed by the grantor and his wife to one Janis H. Benson and a reconveyance to them, the plaintiffs have appealed.

The plaintiff, Henry Steitz, at the time of filing the complaint in January, 1948, was 84 years of age. Prior to March 13, 1944, he owned Lot 30 in Block 40, of the city of Placerville, together with improvements, including a building which was used as a barber shop, valued at $10,000. Said plaintiff acquired that property by deed of gift from Maggie Akins one year previous to the last mentioned date, which deed was executed by her and left in escrow with J. D. Elliot, an attorney at law residing in Placerville, to be delivered to Mr. Steitz upon

the death of the grantor, which was done. Mr. Elliot represented Henry Steitz in the probating of the estate of Mrs. Akins. He had previously attended to said plaintiff's legal affairs. They had been acquainted for several years. On March 13, 1944, Henry Steitz went to the office of his attorney, J. D. Elliot, and told him that Frank B. Irwin and his wife had been very kind to him, and had done many good things for him, which the lawyer knew to be true, and that he wanted to give said real property to them. He thereupon directed the attorney to draw a deed to the property to Mr. and Mrs. Irwin as joint tenants. The attorney did so, and the deed was then signed and executed before Mr. Elliot as notary public. No other persons were present at that time. The grantor was described in the deed as an unmarried man. Mr. Steitz then handed the deed to Elliot and told him to keep it until his death, and to then deliver it to the grantees. Mr. Elliot, in compliance with those directions, placed the deed in his own safe, where it remained to the time of the trial of this case. Regarding the intention of the grantor to then convey title to the property to the grantees, the following colloquy occurred between Mr. Elliot and the judge of the court at the time of the trial:

"The Court . . . So, you drew the deed in order that the title might pass to the Irwins? A. Yes. The Court: He wanted to give it to them? A. Yes. The Court: And Steitz gave you that deed? A. Yes. The Court: To be a deed that was to be presently effective as of that time? Is that it? A. Yes."

No other reasonable construction of the testimony as a whole may be drawn from the record except the conclusion from the voluntary execution of the deed and the instructions given by the grantor to his attorney, than that he thereby intended to then convey title to the grantees subject to the retaining of a life estate therein. Mr. Elliot testified that the grantor was of sound mind and that he fully understood the nature of the transaction. Other witnesses testified to the grantor's mental capacity. In fact that was the identical means by which he secured title to the same property from Mrs. Akins one year previously through the same escrow holder of his deed. We must assume the grantor knew the effect of his escrow instructions.

It satisfactorily appears that neither Mr. nor Mrs. Irwin was present at the time of the execution of the deed. There is no substantial evidence of undue influence or inducement to pro-

cure the execution of the deed. The grantees did not know of the execution of the deed until sometime subsequent thereto, when Mr. Elliot first informed them of it. Several witnesses testified that Mr. Steitz told them he had given or conveyed the property to Mr. and Mrs. Irwin. Mr. Steitz himself later told the Irwins that he had deeded the property to them.

Sometime prior to June 23, 1947, Mr. Steitz married his present wife. On the last mentioned date, Henry Steitz and his wife without the knowledge of the Irwins joined in a purported deed of conveyance of the same property to Janis H. Benson which was recorded the same day. Janis H. Benson then purported to reconvey the property to Henry Steitz and his wife as joint tenants, which deed was also immediately recorded.

Learning of the last mentioned deeds, the Irwins served personal notice of their claim of title to the property by virtue of the deed dated March 13, 1944. This suit was then commenced by Henry Steitz to cancel the deed of March 13, 1944, as previously stated. The defendants answered, denying the material allegations of the complaint, and filed a cross-complaint to cancel the subsequent deeds of June 23, 1947, to Janis H. Benson and the reconveyance of the property to Henry Steitz and his wife and to quiet title to the property in the Irwins, subject to the life estate in Mr. Steitz.

The court adopted findings favorable to the defendants and cross-complainants Mr. and Mrs. Irwin in every material respect. Judgment was rendered accordingly, cancelling the last mentioned deeds, refusing to grant the relief demanded by plaintiff, and quieting title in the Irwins, subject to the life estate of Henry Steitz. From that judgment this appeal was perfected.

The court determined that plaintiff was formerly the owner of the property in question, and that on March 13, 1944, he voluntarily executed to defendants Mr. and Mrs. Irwin a gift deed thereto, with the intention to then convey title to them, subject only to a life estate in the grantor; that he instructed his attorney to keep the deed in his possession until death of the grantor and to then deliver it to the grantees, which instructions he has fulfilled to date; that it was the intention of the grantor, at the time of executing the deed, to presently pass title to the grantees subject to the life estate; that at the time of executing the said deed plaintiff was of sound mind and free from undue influence; that plaintiff was at the time of commencement of this action 84 years of age and

in good physical and mental condition with the exception that he was suffering from arthritis; that a confidential relationship with the grantees did not exist, and that the grantor had full knowledge of said transaction and the effect of the execution and delivery of the deed, dated March 13, 1944. The court held that the defendants Mr. and Mrs. Irwin held title to said property, under said deed, subject only to the life estate reserved in the grantor. It was also held that the subsequent deed to Janis H. Benson and the reconveyance of the property to plaintiff and his wife were void and conveyed no title.

The appellants argue that acceptance of a deed by the grantees is necessary to make it a valid conveyance, and that the depositary of the deed involved in this case, J. D. Elliot, who was the attorney and agent of the grantor, could not also become the agent of the grantees for the purpose of acceptance. ▉ It is true that acceptance of a deed by the grantee or his representative is necessary to render it valid. (9 Cal.Jur. § 49, p. 150.) But constructive delivery and acceptance of a deed may be presumed, when it conveys property beneficial to the grantee and it is delivered to a third party with directions to deliver it to the grantee upon the death of the grantor. Section 1059 of the Civil Code provides in part:

"Though a grant be not actually delivered into the possession of the grantee, it is yet to be deemed constructively delivered in the following cases:

"1. . . .

"2. Where it is delivered to a stranger for the benefit of the grantee, and his assent is shown, *or may be presumed.*" (Italics added.)

The rule of law, with relation to the effect of constructive delivery and acceptance of a deed, under section 1059 of the Civil Code, is concisely stated in the recent case of *Wilkerson* v. *Seib*, 20 Cal.2d 556 [127 P.2d 904]. That case appears to be conclusive of that issue in the present case. The Supreme Court said at page 559:

" . . . [I]n accord with the rule established by a long line of decisions in this state headed by the pioneer case of *Bury* v. *Young*, 98 Cal. 446 [33 P. 338, 35 Am.St.Rep. 186], that the grantor's irrevocable delivery of a deed to a third person, with instructions that it be given to the grantee upon the grantor's death, has the effect of vesting the title to the property immediately in the grantee, qualified only

by a life tenancy in the grantor, *and the depositary thereby becomes the trustee of the deed for the grantee.* [Citing numerous authorities.]'' (Italics added.)

In *Drummond* v. *Drummond,* 39 Cal.App.2d 418 [103 P.2d 217], this court said:

''Manual delivery of a deed to the grantee is not essential to the passing of title. No. particular form of delivery is required. Delivery and acceptance of a deed may be mani‧fested by the declarations, acts and conduct of the parties [Citing authorities.] . . .

''. . . When the execution and delivery of a deed with the intention of thereby conveying title to the grantee is satisfactorily established, neither the subsequent collection of rental therefrom, the mortgaging of the property without the knowledge or consent of the grantee, nor the attempt to convey it to another person, will vitiate the title of the grantee.''

In the case of *Herman* v. *Mortensen,* 72 Cal.App.2d 413 [164 P.2d 551], which was quite similar to the present case upon its facts, and which involved the question of the acceptance of a gift deed, the court said:

''The second question presented is whether there is evidence of any substantiality to support the implied finding that the grantee accepted or assented to the deed.

''The court instructed the jury that 'The law presumes that the grantee has accepted the grant or gift even though he has no knowledge of it or there is no express consent to such gift, where such gift would be beneficial to such grantee.' The jury was also told that before finding in favor of the plaintiff it must believe 'that the transfer was beneficial to Mrs. Glenn.' The verdict in plaintiff's favor carries with it an implied finding that it *was* beneficial.

''The deed itself is evidence that the transfer was beneficial to the grantee. It is a *deed of gift*; it is free, on its face, of all burdens and obligations and there is no extrinsic evidence of any burden or obligation. . . . .

'' . . . [I]*n the case of an adult donee, if the donation is for his advantage he will be presumed to have accepted it unless the contrary appears.*''

In the present case the gift deed was absolute on its face, subject only to the reservation of a life estate in the grantor. It contained no conditions or burdens. It is true that Mr. Steitz orally told Mr. Irwin that he had executed the deed giving them the property, but that he would like

to have them pay him $35 per month as rental for the barber shop, which they did. That was not inconsistent with the reservation of the life estate. The payment of that rent is evidence of the acceptance of the deed by the grantees. All legal presumptions support the theory of a constructive acceptance of the deed. It is evident that if more definite findings had been made regarding the subject of acceptance, they would have been adverse to the plaintiff.

It is not necessary to recite the evidence which supports the findings and the judgment in this case. It is a voluminous record. There is a conflict of evidence on several issues. It is sufficient to say we have read the record and find an abundance of evidence to support each essential finding, including mental capacity of the grantor, absence of confidential relationship, freedom from undue influence, and the voluntary execution of the irrevocable gift deed to the grantees subject to the reservation of a life estate, and delivery of the deed to a depositary with absolute directions for him to deliver the instrument to the grantees upon the death of the grantor. There is ample evidence to show that the deed was executed and delivered with the intention on the part of the grantor to then convey title to the real property to the grantees. There is also sufficient evidence to support the findings and judgment that the subsequent deed of the plaintiff and his present wife to Janis H. Benson, dated June 23, 1947, and her reconveyance of the property to plaintiff and his wife as joint tenants were void and conveyed no interest in the property. It follows that the court properly set the last mentioned deeds aside, and quieted title to the property in the defendants and cross-complainants Mr. and Mrs. Irwin.

The judgment is affirmed.

Adams, P. J. and Peek, J., concurred

Appellants' petition for a hearing by the Supreme Court was denied January 30, 1950.